CANDLER *v.* SMYTH *et al.*

No. 6772.   MARCH 14, 1929.

*Tye, Thomson & Tye,* for plaintiff in error.

*L. F. Wynne* and *Colquitt & Conyers,* contra.

ATKINSON, J. The plaintiffs projected their petition on the theory that the contract is a lease of realty, and prayed that it be set up and declared as such. For all purposes of the case it will be so treated as against the plaintiffs. In the nineteenth clause of the contract it was stipulated: "This contract . . shall continue in effect for a term of two years from the date hereof. Sixty (60) days before the expiration of this contract" the second parties "shall be given the refusal of the privilege of operating for an additional five (5) year period. Such additional extension of time shall be upon such terms and conditions as may be·deemed justified by the showing of operations during the period of this agreement." A proper decision of the case depends upon the construction and effect to be given this clause of the contract.

In *Slater* v. *Kimbro,* 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19), the contract in question was one of rental of real estate by the party of the first part to the party of the second part for one year, with the privilege of two years at an agreed monthly rate. It was

said, in the opinion: "The plaintiff being in possession of the premises under a written contract for one year 'with privilege of two years longer at same agreed rate,' she was not subject to rightful expulsion at the end of the first year as a tenant at will holding over. She was not a tenant at will, and was not holding over, unless she had relinquished or forfeited the 'privilege of two years longer at same agreed rate,' and this, so far as appears, she had not done. On the contrary, by remaining in possession after the year expired, she signified her intention to avail herself of the longer term provided for by the contract. . . It seems to us that merely continuing to occupy would spread the original contract over the two additional years, just as it had previously covered the first year's occupancy, and that any further express contract on the subject would be needless." In *Walker* v. *Wadley,* 124 *Ga.* 275 (52 S. E. 904), a contract of rental of a farm specified the term to be for one year, and further that the tenant "shall have the option of renting the said plantation for the further term of four years after the completion of the first term," at a specified yearly rental. "And in the event of acceptance of said option, the party of the second part shall have a further option of renting the said plantation for a further term of five years," at a stated annual rental. "Notice of intention to take this option to be given by the first day of October preceding the commencement of said term." It was said, in the opinion: "The lease, the provisions of which appear in the foregoing statement of facts, bound the lessor for the term of ten years, at the election of the lessee. The term was absolute for the first year, and upon the lessee giving the stipulated notice of his acceptance of the option to extend the term four years from January 1, 1901, the lease contract became binding on both parties for that period of time. If there was any irregularity in giving the notice to Wm. Jones Walker, as agent for the lessor, instead of to the lessor herself, such irregularity was waived by the subsequent recognition on the part of the lessor of the continuance of the lease. The extended term of four years was not a new demise, but only an extension of the term of the lease from one to five years, according to its express provisions."

The case of *Hamby* v. *Georgia Iron & Coal Co.,* 127 *Ga.* 792 (56 S. E. 1033), involved a contract for lease of certain convicts. The paper contained the clause; "The term of this contract is two

years from and including April 1, 1904, and the privilege is hereby granted by the parties of the first part and expressly reserved unto the parties of the second part of renewing and extending this contract for a period of three years from, after, and including the 1st day of April, 1906." Concerning this it was said, in the opinion: "It becomes necessary to determine the question of whether this stipulation is such as to provide for a renewal of the lease, or a mere extension of the time first stipulated in the lease. The consequences which would flow from the construction that it provides for a renewal would be different from those which would flow from construing it as providing for a mere extension. If the stipulation contemplates a new contract at the expiration of the two years, then it would be a renewal, and the execution of a new lease would be indispensable. In this contingency it would be incumbent upon the lessee to notify the lessor, before the term expired, that he had exercised his option to take a new lease. On the other hand, if the stipulation is to be construed as merely an extension of the time under the old lease, and no new agreement was contemplated, then, no notice being expressly provided for in the contract, if the lessee merely remained in possession by virtue of the contract after the expiration of the two years, this would bind both the lessee and the lessor to an extension for the additional time stipulated in the lease, and no further notice would be required. . . The stipulation in question uses both the words renew and extend, but, when it is construed as a whole, it is manifest that it was intended merely to extend the time upon all the terms and conditions stated in the lease. While the words renew and extend do not always mean the same thing, still, in interpreting a stipulation of the character above referred to, the context must be considered, and the intent of the parties must be arrived at, and this may, under certain circumstances, require that these words shall be given a similar meaning."

The above-quoted clause 19 of the contract now under consideration is a stipulation to give the second parties a "refusal" of the privilege of operating for an additional five-year period, but it does not state the price to be paid or other terms of contract to be operative during the five-year period, nor is the stipulation unconditional. In the last part of clause 19 it is specified that "Such additional extension of time shall be upon such terms and condi-

tions as may be deemed justified by the showing of operations during the period of this agreement." This is not a statement of the price or other "terms and conditions" of the contract of extension. Under this clause the parties should take into consideration the "showing of operations" under the contract prior to the time at which the "refusal" should be acted upon, but it would remain for them to determine and agree upon the terms and conditions of contract for the additional five-year period. It is clear that a new agreement was contemplated. The case is within the principle of *Hamby* v. *Georgia Iron & Coal Co.,* supra, stating: "If the stipulation contemplates a new contract at the expiration of the two years, then it would be a renewal, and the execution of a new lease would be indispensable." See also *Pause* v. *Atlanta,* 98 *Ga.* 92 (26 S. E. 489, 58 Am. St. R. 290) ; Hoke *v.* Groff, 232 Mich. 233 (205 N. W. 145) ; 6 Words & Phrases (3d ed.), 642. If the parties within the time provided in the original contract should verbally agree to extend the time for an additional five years upon the same terms as theretofore existing, and thereafter should continue to act under the contract and observe the same terms without any written agreement, such conduct of the parties would not operate to extend the contract for the time specified, but, treating the contract as a lease of realty, the lessee would be a tenant at will. Civil Code (1910), § 3693. The petition failed to allege a cause of action; and the judge erred in overruling the demurrer and in granting a temporary injunction. *Judgment reversed. All the Justices concur.*