21425. WALKER *v.* BROOKS SIMMONS COMPANY
INCORPORATED *et al.*

DECIDED DECEMBER 21, 1931.

*Francis B. Hunter,* for plaintiff.
*Hinton Booth, Fred T. Lanier,* for defendants.

JENKINS, P. J. (After stating the foregoing facts.) The case turns upon the construction of the original lease contract, which provided for a five-year term "with the privilege of renewal of said lease for an additional period of five years at the same rental." The defendants contend that this provision affords to the lessee the privilege of extending the period of five years provided by the original lease, for another five years, without the necessity for any new contract; that when the lessee continued in possession after the expiration of the original term, and the plaintiff, as purchaser of the property after the original lease contract became operative, accepted rent paid at the price fixed by the original contract after the expiration of the original term, an automatic extension of the lease for an additional period of five years resulted.

The question here involved is one on which the courts of the country are not in accord. According to one view, a covenant to renew, as distinguished from a covenant to extend, is to be construed as a covenant to grant an estate, and not a present demise. Under this view there is the necessity for a new lease, or a formal extension of the existing lease, or something equivalent thereto, without which the tenant can not hold possession as against the lessor in a court of law by relying merely upon the covenant to renew. In other jurisdictions the view is taken that a lease containing a renewal clause operates as a present demise, to take effect in the future, provided the lessee so elects, and that the execution of a new

lease is not necessary to bind either party where the lessee has made his election to renew in accordance with the terms of the lease and of the law of the particular jurisdiction in which the property is situated, unless the original lease so requires. 35 C. J. 1025, § 159.

In this jurisdiction the exact question here involved seems never to have been specifically decided, but the principle first stated above, to the effect that a covenant to renew is to be construed as a covenant to grant an estate at the option or election of the lessee, and does not constitute a present demise, seems to be in force. In *Hamby* v. *Georgia Iron &c. Co.*, 127 *Ga.* 792 (56 S. E. 1033), the lease contract involved contained a provision expressly reserving to the lessee the privilege of "renewing and extending this contract for a period of three years" from the expiration of the original lease period. The court construed the contract as one providing for an extension of the term of the original lease, at the option of the lessee, and said: "It becomes necessary to determine the question of whether this stipulation is such as to provide for a renewal of the lease, or a mere extension of the time first stipulated in the lease. The consequences which would flow from the construction that it provides for a renewal would be different from those which would flow from construing it as providing for a mere extension. If the stipulation contemplates a new contract at the expiration of the two years, *then it would be a renewal,* and the execution of a new lease would be indispensable. In this contingency it would be incumbent upon the lessee to notify the lessor, before the term expired, that he had exercised his option to take a new lease. On the other hand, if the stipulation is to be construed as merely an extension of the time under the old lease, and no new agreement was contemplated, then, no notice being expressly provided for in the contract, if the lessee merely remained in possession by virtue of the contract after the expiration of the two years, this would bind both the lessee and the lessor to an extension for the additional time stipulated in the lease, and no further notice would be required." (Italics ours.) In *Slater* v. *Kimbro*, 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19), the lease agreement was for possession of the premises for one year, "with the privilege of two years longer at the same agreed rate." Manifestly, under such provision, no new lease agreement was contemplated. In Leavitt *v.* Maykel, 203

Mass. 506, the Supreme Court of Massachusetts construed a lease agreement containing a provision conferring upon the lessee the right to "renew this lease at its expiration for further term of two years upon the same terms and conditions of this lease," as a covenant for a future demise, and held that the continued occupancy of the premises by the lessee after the expiration of the lease, and the payment of the monthly rental during such occupancy, did not operate to extend the lease. In *Candler* v. *Smyth*, 168 *Ga.* 276 (147 S. E. 552), the Supreme Court restated the principle quoted above from *Hamby* v. *Georgia Iron Co.*, that "If the stipulation contemplates a new contract at the expiration of the two years, then it would be a renewal, and the execution of a new lease would be indispensable." We think the instant case is controlled by the principle thus stated. It seems clear that if a stipulation which contemplates a new contract at the expiration of the first term is to be considered as providing for a renewal, a contract which in express terms confers upon the lessee the privilege of "renewal of said lease for an additional period of five years" necessarily contemplates a new contract at the end of the first term, and that a new lease would be indispensable. We think, under the principle stated in the *Hamby* case and in the *Chandler* case, the lessee became a tenant at will after the expiration of the first term, there being nothing in the evidence to indicate any express agreement between the parties, in parol or otherwise, for the renewal of the lease, and that the plaintiff was entitled to the possession of the premises upon giving the notice required. Although there was some testimony to the effect that the plaintiff, while negotiating for the purchase of the leased property prior to the expiration of the original term, referred to it as being under a ten-year lease, there is in the testimony nothing that goes to indicate that the parties to the original agreement treated the lease as one for ten years, or that the plaintiff so treated it after acquiring title to the property, other than to receive the rent for a short period after the original term expired, which, under the cases cited, was not sufficient to extend the term.

The present case is distinguished from such cases as *Roberson* v. *Simons*, 109 *Ga.* 360 (34 S. E. 604), and *Allen* v. *Montgomery*, 25 *Ga. App.* 817 (105 S. E. 33), which deal with a renewal of tenancy for a year, as to which the tenancy is renewed by operation of law

by occupancy after the expiration of the term, whereas the instant case depends upon a construction of the written terms of the lease contract.

The verdict in favor of the defendants was not authorized, and the court erred in charging the jury as indicated.

*Judgment reversed. Stephens and Bell, JJ., concur.*