## 23256. WALKER *v.* BROOKS SIMMONS COMPANY INCORPORATED *et al.*

DECIDED FEBRUARY 5, 1934.

*R. Lee Moore,* for plaintiff.

*Hinton Booth, Fred T. Lanier,* for defendant.

JENKINS, P. J.   On the former trial of this dispossessory proceeding, this court held that, under the provisions of the written lease embodied in that decision (*Walker* v. *Brooks Simmons Co.,* 44 *Ga. App.* 470, 161 S. E. 659), giving to the lessee the "privilege of renewal of said lease for an additional period of five years at the same rental," a new lease was necessary upon the expiration of the original lease, and that the lessee holding over after its expiration became a tenant at will.   In the present trial the corporation and partnership defendants, under an amendment of their counter-affidavit, presented the defense that, after expiration of the lease, the partnership made a new rental contract with the landlord to pay $105 a month, in lieu of the former $90, which, after a credit of the $90 a month paid, reduced their liability during their 12-months' possession in 1931 to $15 a month, making it $180 instead of $1,080, claimed for double the rent provided for under the old lease.   The alleged new contract consisted of a written offer by the plaintiff lessor and an acceptance claimed by the defendant partnership.   Pertinent parts of the letter making the offer are as follows: "With reference to leasing to you my building, as per your request (describing the property),   . .   I advise you:   (1) That the lease, dated February 5, 1925, recorded in Book No. 78, page

324, in the office of the clerk of the superior court of Bulloch county, has expired; that since its expiration the occupants of said building have been tenants at sufferance, or holding over; (2) that I am willing to give you either a short or long term lease, not exceeding 1, 2, or 4 years, as you may prefer, upon the following terms, to wit: (a) One year at $105 per month. (b) Two years at $105 per month. (c) Three years at $105 for first two and $125 for the third and fourth years." This letter was dated September 12, 1930. A notation, dated September 23, 1930, signed by the plaintiff, appeared on said letter, as follows: "It is hereby agreed that if I win out in lawsuit over lease, that this paper as written holds good to Waters & McCroan." Subsequently to this offer, and on December 31, 1930, the lessor instituted this dispossessory proceeding, and the defendant partnership, claiming to hold under this offer and an acceptance, remained in possession of the premises for one year after the institution and during the pendency of the proceeding, vacating on December 31, 1931. The defendant partnership contends that this subsequent occupation of the premises was under and by virtue of the offer; that after the adverse termination of their original contention in this proceeding, and within one year from the institution of the proceeding, they vacated the property; and that, pending the litigation, having paid the original rent of $90 a month, the only amount due was that covered by the verdict, representing the $15 a month additional rental set forth in the alleged new agreement. The verdict in favor of the plaintiff was for $180 principal and $3.23 interest, and he made a motion for a new trial. He excepts to the denial of that motion.

If, as contended by the defendant partnership, the occupancy of the building after the institution of the dispossessory proceeding was under a new and separate contract between the owner and the partnership, the corporation, being no party thereto, would not be thereafter liable; nor would the partnership be liable except under the new contract under which it held. The determination of the controversy, in which double the rent provided for in the original contract is claimed, depends, therefore, on whether or not the partnership sustained its contention set forth in its amended affidavit, to the effect that after the institution of the dispossessory proceeding it held possession under the new agreement with the owner. While the defendants' testimony as to which of the three alterna

tive offers was orally accepted by the partnership is not clear, it will be presumed from the fact that the only offer which could have been accepted orally was that for twelve months that twelve months was the period in the minds of the contracting parties, in the event that the jury might find, as it did find, that the offer was in fact accepted, especially where the testimony shows without dispute that the partnership actually occupied the premises for the period of one year after the institution of the dispossessory proceedings. Accordingly, the general grounds of the motion for a new trial are without merit; the court did not err in admitting the owner's written offer and the evidence as to its acceptance; and the court's instructions to which exception is taken were in substantial accord with the rule stated above.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*