23375. STERCHI BROTHERS STORES INC. *v.* MITCHELL.

Decided September 21, 1934.   Rehearing denied September 29, 1934.

*Hendrix & Buchanan,* for plaintiff in error.

*W. A. McClain, T. M. Stubbs,* contra.

Sutton, J.   Headnotes 1, 3, and 4 do not require elaboration.

A lease of premises for a year, commencing October 15, 1929, and ending October 15, 1930, at a monthly rental of $150 per month, in which "the lessor gives to the lessee an option as follows:   that within six months from date, they will renew this

lease for a period of four years at a rental of $175.00 per month. Furthermore, within six months from the expiration of the last month, the lessor will extend the said lease for a period of five more years at the sum of $200.00 per month," gave to the lessee an option to lease the land for said term, which it could exercise within the six-months period. Accordingly, the lessee paid the rent of $150 per month to the lessor through October 15, 1930, by delivering a check to the plaintiff as agent of F. J. Horton estate. Before the expiration of the six-months period the plaintiff called on the vice-president of the defendant company, the person with whom the plaintiff dealt in making the above contract, stating, "It is time to renew the lease on the option; how about writing a new lease?" The reply was: "That is not necessary, that automatically goes on, and we are very much pleased with the store, we are doing a good business and intend to keep it ten years." After October 15, 1930, the lessee paid the advanced rental of $175 per month through October 15, 1931. On September 4, 1931, the defendant notified the plaintiff in writing that it would give up the premises on November 1, 1931; which it did. On October 12, 1931, the defendant tendered to the plaintiff its check for $87.50, being the rent up to November 1, 1931, which the plaintiff refused to accept. The payment and acceptance of the higher rent, combined with the holding over, and the agreement of the vice-president of the defendant to the effect that the defendant was satisfied with the premises, that no new lease was necessary, that the one executed would automatically go on, and that the defendant wanted the property for ten years, show a mutual intention to exercise the option and continue the lease for the additional term of four years, and both parties are bound by the terms of the lease for the additional term. *Lanham* v. *McWilliams*, 6 *Ga. App.* 85, 88. In *Slater* v. *Kimbro*, 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19), it was held: "One who by written contract leases premises to another for one year with a privilege of renewal for two years longer, admits the tenant into possession," the tenant "was not subject to rightful expulsion at the end of the first year as a tenant holding over. She was not a tenant at will, and was not holding over, unless she had relinquished or forfeited the 'privilege of two years longer at the same rent,' and this, so far as appears, she had not done. On the contrary, by remaining in possession after the year expired, she signified her in-

tention to avail herself of the longer term provided by the contract, and if an express renewal was contemplated (which, under the words of the writing, seems improbable), some demand to execute a renewal contract should have been made upon her. It seems to us that merely continuing to occupy would spread the original contract over two additional years, just as it had previously covered the first year's occupancy, and that any further express contract on the subject would be needless."

In *Walker* v. *Wadley*, 124 *Ga.* 275 (52 S. E. 904), a contract of rental of a farm specified the term to be for one year, and further provided that the tenant "shall have the option of renting the said plantation for the further term of four years after the completion of the first term," at a specified yearly rental. It was held in that case that "The extended term of four years was not a new demise, but only an extension of the term of lease from one to five years according to its express provisions." In *Hamby* v. *Georgia Iron & Coal Co.*, 127 *Ga.* 792 (56 S. E. 1033), the court, construing a similar provision in a lease contract which had the words "extend" and "renew" therein, said: "While the words renew and extend do not always mean the same thing, still, in interpreting a stipulation of the character above referred to, the context must be considered, and the intent of the parties must be arrived at, and this may, under certain circumstances, require that these words shall be given a similar meaning." The lease contract in that case provided that "The term of this lease is two years from and including April 1, 1904, and the privilege is hereby granted by the parties of the first part and expressly reserved unto the parties of the second part of renewing and extending this contract for a period of three years, from, after and including the 1st day of April, 1906." In *Parker* v. *Gortatowsky*, 127 *Ga.* 560 (56 S. E. 846), "Where an owner of an opera-house rented it to certain lessees for a term of one year, with a provision in the lease that at the termination of the year they should have the option of leasing it for a term of two years at a named price; and where, at the close of the year, they wrote to the owner, 'We will continue the theater;' to which he replied acknowledging receipt of this letter and stating, 'I understand this to mean that you will continue the rent of opera-house as per terms of contract;' and thereafter the lessees continued in possession and use of the opera-house, without objection or further

contract, during the theatrical season," it was held that "this amounted to an exercise of the option to lease for two years, and was binding on both parties."

In *Candler* v. *Smyth,* 168 *Ga.* 276 (147 S. E. 552), wherein the contract provided that "This contract . . shall continue in effect for a term of two years from the date hereof. Sixty days before the expiration of this contract" the second 'parties "shall be given the refusal of the privilege of operating for an additional five-year period. Such additional extension of time shall be upon such terms and conditions as may be deemed justified by the showing of operations during the period of this agreement," the Supreme Court, in holding that the stipulation contemplated a new contract at the expiration of the two years and was a renewal, and that the execution of a new lease was indispensable, said that the words in the stipulation, that "Such additional extension of time shall be upon such terms and conditions as may be deemed justified by the showing of operations during the period of this agreement," were not a statement of the price, terms, or conditions of the contract of extension, and that it would remain for the parties to agree upon the terms and conditions of the contract for the additional five-year period, and that therefore it was "clear that a new agreement was contemplated." In the case at bar the option agreement contained in the lease specifically provided that the lessee had the option, within a designated time, to renew the lease for an additional period of years at a stated higher rental. It did not remain for the parties to agree upon any terms or conditions of the contract for the additional four years, these being plainly stated in the option agreement.

The present case is distinguishable from *Walker* v. *Brooks-Simmons Co.,* 44 *Ga. App.* 470 (161 S. E. 659). In the evidence in that case there was nothing going to show that the parties to the original agreement treated it as a lease for ten years, or that the plaintiff in that case so treated it after acquiring title to the property, other than that the lessor was to receive the rent for a short period after the original term expired, and there was nothing in the evidence to indicate any express agreement between the parties, in parol or otherwise, for the renewal of the lease. See *Candler* v. *Smyth,* supra. In the instant case the lessee prepared the contract, and, before the expiration of the designated time in the option agreement, the plaintiff went to the store of the defendant and was in-

831

formed by its agent that it was not necessary to enter into a new lease for the additional period of time, that the present lease automatically stayed in effect, that the defendant was very much pleased with the store, was doing a good business and intended to keep the premises for ten years, and the plaintiff relied upon this statement with reference to the option. In this case the defendant for a year paid the higher rental, the amount agreed upon in the option agreement that it should pay should it exercise the option contained in the lease. It clearly appears from what the parties said and did that the defendant intended to and did exercise the option to rent the premises from the plaintiff for an additional term of four years, at the said higher rental, thereby extending the lease executed by the parties for the additional period of time, and the defendant had no right to vacate the premises upon giving the notice required of tenants at will.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*