## 24362. Malcom Brothers *v.* Pollock.

Stephens, J. 1. Where there is an oral agreement for the rental of premises for a fixed period, as for one year, for an agreed rental from a date to commence in the future whenever the present occupant of the premises shall have vacated the premises, and it is also agreed as part of the contract that when the lessees take possession of the rented premises the lessor will reduce to writing the oral agreement and thereby create a written lease between the parties, and where the lessees upon the tenant in possession vacating the premises, move into possession thereof as lessees under the contract, without having obtained from the lessor the written lease as agreed upon, the mere failure of the lessor to execute and deliver the lease, in the absence of a request by the lessees for the execution and delivery of the lease, where the lessor's failure to execute and deliver the lease does not amount to a refusal to execute and deliver the lease, does not constitute a breach of the contract by the lessor, and the lessees are not, by reason of not having been given a written lease by the lessor, absolved from their obligations under the contract.

2. On the trial of an issue formed by a counter-affidavit by the lessees, to a distress warrant issued by the lessor to recover rent for the premises, where the only defense was that the defendants, because no written lease for the premises had been executed as agreed on, had never become the tenants of the plaintiff; where the evidence adduced authorized the infer-

ence that the plaintiff and the defendants had agreed on an oral contract of rental with a provision that when the defendants entered into possession of the rented premises under the contract the plaintiff would execute to them a written lease, and that the defendants afterwards entered the premises under the oral contract, the court did not err, on the ground that the evidence demanded the inference that there was no contract because it was not in writing, in instructing the jury that the plaintiff could recover if the jury should find from the evidence that the parties executed and agreed upon an oral contract of rental of the character indicated.

3. The charge to the jury, in stating the contentions of the parties made by the testimony of the plaintiff and the testimony of one of the defendants, where the court did not express any opinion as respects any conclusion to be arrived at from the evidence, was not subject to the exception that the court expressed an opinion upon the facts.

4. Counsel's consent to the rendition of a sealed verdict in the absence of the judge may be implied where the judge states in their presence that if there is no objection he will absent himself from the court and go to his home in another county, and that should the jury make a verdict it should be sealed and returned to the sheriff. *Riggins* v. *Brown,* 12 *Ga.* 271; *Adkins* v. *Williams,* 23 *Ga.* 222; *Stix* v. *Pump,* 37 *Ga.* 332.

5. Where on the trial of a civil case, after the jury has taken the case under advisement and before they find a verdict, the judge leaves the court and goes to his home in another county, in the meantime having directed in open court that when a verdict is made it shall be sealed and "returned" to the sheriff, and all this is with the consent of counsel for both sides, a verdict afterward found by the jury and "returned" to the sheriff in the absence of the judge from the county, and never received in open court or other than as here indicated, is not a nullity on the ground that the judge never received the verdict and therefore that it was not received in open court. Nor is the verdict a nullity on the ground that after the judge left the court and went to his home in another county there was no valid or legally existing court during his absence, and that all the proceedings during his absence were nullities. See answers of the Supreme Court to certified questions in this case. 181 *Ga.* 687 (183 S. E. 917).

6. The verdict for the plaintiff was authorized, and no error appears. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 3, 1936.

*C. W. Peebles, John B. Gamble, Wolver M. Smith, Preston M. Almand,* for plaintiffs in error.

*E. W. Roberts,* contra.