## 29919. HOOKS *v.* LEASE.

Decided February 20, 1943. Rehearing denied March 11, 1943.

*Blackshear & Blackshear,* for plaintiff.

*A. L. Hatcher,* for defendant.

FELTON, J. T. W. Hooks instituted a dispossessory-warrant proceeding against Aileene L. Lease, in which it was alleged that the tenant failed to pay the rent due on the rented premises and that she was holding over and beyond the term for which the premises were rented to her, and that demand had been made and refused. The controlling facts were undisputed. Hooks leased the premises to the defendant tenant by written lease for a term of sixteen months, beginning May 1, 1939 and ending August 31, 1940. There was no provision in the lease for extending the term. After it expired the tenant continued in possession, with Hook's consent, and continued to pay rent until July 1941. The tenant was not behind in the payment of rent when the dispossessory warrant was sworn out. There was no evidence that two month's notice to vacate the premises was given to the tenant by the landlord. The court directed a verdict for the tenant, stating in his order that the written lease was impliedly renewed for another sixteen months by the conduct of the parties. Hooks excepted to the overruling of his motion for new trial which contained an exception to the direction of the verdict.

The direction of the verdict was proper, but not for the reason given. A lease for more than a year can not be renewed except in writing. Code § 61-102; *Walker* v. *Brooks Simmons Co. Inc.,* 44 *Ga. App.* 470 (161 S. E. 659). The occupation of the premises after the expiration of the term constituted the tenant a tenant at will under the facts of the case. The tenant therefore was entitled to two months' notice to vacate. Since no notice was shown to have been given there was no proof that the term was at an end and that the tenant was holding over. While it is true that where a tenant does not deny a demand and refusal thereof such are presumed as of the date of the warrant (*Hindman* v. *Raper,* 143 *Ga.* 643, 85 S. E. 843), the two-months notice is not the demand necessary. *Beveridge* v. *Simmerville,* 26 *Ga. App.* 373 (106 S. E. 212). The notice serves the purpose of terminating the tenancy at will, and the refusal of an additional demand completes the cause of action. The demand is unavailing if there is no duty to

surrender possession. The evidence failed to show that the tenant owed rent or was holding over. It was not error to direct a verdict and to overrule the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

STEPHENS, P. J., concurring specially. I concur in the judgment of affirmance. It is immaterial in this case as to the nature of the contract of rental, if any, under which the defendant held the premises at the time it was sought to dispossess her. It appears that she had paid the rent up to the time it was sought to dispossess her, and it does not appear that the two-months notice required to be given by a landlord to a tenant to vacate under a tenancy at will was ever given to the tenant. Nor does it appear that the tenant's term had expired and that she was holding over. Under no view of the case was the tenant subject to dispossession. The court did not err in directing the verdict for the defendant, and in overruling the plaintiff's motion for new trial.

ON MOTION FOR REHEARING.

FELTON, J. It is contended by plaintiff in error that the evidence authorized the finding that after the original term of rental and after the relationship of landlord and tenant at will had arisen by operation of law the tenant agreed on May 21, 1941, to vacate the premises on July 1, 1941. Even if this is true, the evidence does not show that there was a consideration for the agreement, and it would not obviate the necessity for the required two-months notice. Such an agreement, without consideration, would not have had the effect of terminating the term of the tenancy at will on July 1, 1941, and of making the tenant one at sufferance after July 1, 1941. *Rehearing denied.*