31308. JACKSON *v.* HARDIN.

40

DECIDED JUNE 26, 1946.

*E. L. Fowler, C. E. Moore,* for plaintiff in error.
*Douglas, Evans & Cole,* contra.

SUTTON, P. J. W. L. Hardin instituted a dispossessory-warrant proceeding against C. H. Jackson, on March 2, 1946, in the Civil Court of Fulton County, upon the ground that the defendant, as his tenant, was holding possession of the rented premises over and beyond the term for which the same were rented to him and had refused the plaintiff's demand to surrender possession thereof. It was set out that the plaintiff had complied with the regulations of the Administrator of Price Administration with reference to the institution of said proceedings. The defendant filed a counter-affidavit, wherein he denied that he was holding the premises over and beyond the term for which the same were rented to him, and denied that any demand had been made upon him for possession of the premises. The defendant further set out that the plaintiff had failed to comply with the rent regulations of the Office of Price Administration with reference to evictions.

On the trial of the case before the judge without a jury, the defendant's motion for a nonsuit was overruled, and the judge rendered a judgment in favor of the plaintiff for the premises and for double rent thereon from March 1, 1946, and directed that the plaintiff be placed in possession of the premises and that execution issue against the defendant and the surety on his bond for said sum and for costs of court. The defendant's oral motion for a new trial was overruled, and he appealed the case to the appellate division of said court, which affirmed the judgment. The exception here is to the judgment overruling the defendant's motion for nonsuit, and to the judgment overruling the motion for a new trial.

█ An assignment of error on a refusal to award a nonsuit will not be considered by this court where, after such refusal, the judge, trying the case without a jury, enters a judgment in favor of the plaintiff, and the defendant makes a motion for a new trial which includes the ground that the judgment is contrary to the evidence

and without evidence to support it. *Schaffer* v. *Moore, 59 Ga. App.* 542 (2 S. E. 2d, 151), and citations. But this court will consider questions as to the sufficiency of the evidence only under the motion for a new trial. *Guffin* v. *Kelly,* 191 *Ga.* 880 (2) (14 S. E. 2d, 50).

■ The defendant was a tenant at will of the plaintiff, and was entitled to a two-months' notice to terminate the tenancy. Code, § 61-105; *Hooks* v. *Lease, 68 Ga. App.* 850 (24 S. E. 2d, 601). The plaintiff testified that: "The tenancy relationship between us was tenancy at will from month to month. I gave him written notice on December 29, [1945] to terminate the tenancy. The notice was sent him by United States mail, registered. That is the letter and that is the return receipt. . . Mr. Jackson admitted to me that he got the original of this letter." While the official receipt for the letter disclosed that the letter was delivered to Henry Jackson, "addressee's agent," on December 31, 1945, the evidence showed that he was a son of the defendant and lived in the defendant's home. It was held in *Godfrey* v. *Walker,* 42 *Ga.* 562 (2): "Though notice to quit was not served upon the proper agent of the tenant, yet if the tenant got the notice it is sufficient." The evidence in the present case was sufficient to authorize the trial judge to find that the two-months' notice to terminate the lease was given to the defendant, as required by law, before the dispossessory-warrant proceedings were instituted.

■ A demand upon a tenant to deliver possession to his landlord is a condition precedent to the right of the landlord to dispossess the tenant summarily under the provisions of the Code, § 61-301. *Bussell* v. *Swift, 50 Ga. App.* 148 (177 S. E. 277). Also see *Beveridge* v. *Simmerville, 26 Ga. App.* 373 (106 S. E. 212). The defendant contends that the evidence in the case at bar did not show a demand by the landlord upon the tenant, for possession of the premises, prior to the issuance of the dispossessory warrant. The plaintiff testified in part as follows: "I made further demand upon Mr. Jackson to vacate these premises and that demand was made Friday, the first of March, 1946. . . I told him I would have to have the property, and he asked for an extension of time. . . I told him I would talk it over with my wife and daughter and her husband . . and let him know our decision. . . The next morning I . . told him our decision, that if he would

give me a letter stating that he would get out, we would give him until Wednesday evening of that week, but I must have the letter by 10 o'clock that morning. . . I told him that if I got the letter by 10 o'clock Saturday morning expressing his willingness to move by Wednesday of that week, I would not take the dispossessory warrant Saturday morning. . . I did not accept the rent due March 1, I refused it . . and I told him I couldn't accept it, I had to have the house. . . I recall several times Mr. Jackson having told me that it was hard for him to find a place to live. In response to that, I sympathized with him, but I told him we had to have the house." The evidence in this case was sufficient to show a legal demand by the landlord upon the tenant, for possession of the premises; prior to the issuance of the dispossessory warrant. The fact that the landlord, after making a demand upon the tenant for possession of the premises, told the tenant that he would not take out the dispossessory warrant at that time, if the tenant would give him a letter before 10 o'clock the next morning, agreeing to vacate the premises by the following Wednesday, would not keep the demand from being effectual, especially where the tenant failed to give the landlord the letter requested as a condition for his agreement to delay in having the dispossessory warrant issued.

We think that the evidence was sufficient to show a two-months' notice by the landlord to his tenant to terminate the tenancy at will, followed by a demand by the landlord upon the tenant for possession of the premises, which demand was made after the termination of the tenancy at will and prior to the institution of the dispossessory-warrant proceedings. In these circumstances, the judgment in favor of the plaintiff was authorized, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*