31476. KING & PRINCE SURF HOTEL INC. *v.* McLENDON.

Decided February 20, 1947.

*Scott, Wiggins, Grizzard & Smith,* for plaintiff.

*R. B. Lambert,* for defendant.

GARDNER, J. ■ The plaintiff contends that since it purchased the property before May 1, 1946, and the defendant knew it, that he should have paid the rent to the plaintiff instead of to Danneman and that since the defendant paid the rent to Danneman and not to the plaintiff, the rent was due and unpaid at the time the dispossessory warrant was procured on May 7, 1946, and for this reason the plaintiff should prevail. The record shows that this money was offered to the plaintiff and the amount was refused. It appears from the record that the dispossessory-warrant proceedings were not instituted for the purpose of dispossessing the defendant because the $30 rent had not been paid or tendered to the plaintiff, but it was instituted because the plaintiff contended that the defendant had no right of possession of the premises for the reason that his lease had expired, and the plaintiff desired the defendant to negotiate a lease with it for what it considered was a fair rental value of the property,—$75 or $80 per month. So far as this record reveals, at no time has the plaintiff King and Prince Surf Hotel Inc., been deprived by the defendant of the rental of $30 per month. This brings us then to the real issue in the case which we will discuss in the next division.

■ ■ Therefore let us inquire whether the lease originally made from Dowd to the defendant McLendon terminated on March 14, 1946, or March 14, 1951. This is the real issue. If it terminated on March 14, 1946, the plaintiff King and Prince Surf Hotel Inc., is entitled to a reversal of the judgment of the court below, otherwise not.

The original lease between Dr. Dowd and the defendant provided that the defendant had an option of five years from March 14, 1946, at a rental of $30 per month,—being a $5 per month increase. The defendant in January, 1946, expressed to Dr. Dowd his desire to exercise this option. Dr. Dowd agreed to this (the law would not require an agreement from Dr. Dowd). In the following February Dr. Dowd sold the property to David Danneman. The defendant took the matter up with Danneman and he,

Danneman, agreed that the lease of the defendant would continue until March 14, 1951. Danneman agreed to execute a lease to this effect. The law would not require of the defendant that he get a new lease from Danneman. Danneman, after he acquired the property, collected from the defendant the $30 per month for March, April and May, 1946 (the May collection was tendered to the plaintiff, as noted in the first division of this opinion. Danneman did, however, on April 24, 1946, execute a lease to the defendant for five years ending March 14, 1951 at $30 per month. We do not think that this lease from Danneman to the defendant was at all necessary to the right of the defendant to the possession of the property until March 14, 1951. This is true because at the time Danneman purchased the property from Dr. Dowd and at the time Danneman sold it to the plaintiff, the defendant was in possession and holding possession under an absolute lease from Dr. Dowd for five years and an option for five additional years. Let us look to the decisions on this question. In *Pritchett v. King,* 56 *Ga. App.* 789 (194 S. E. 44), it is held: "The view has been taken that a lease for a specified term with the privilege of renewal on the same terms is equivalent, where such privilege is exercised, to a demise for the full period of two terms, without any necessity for the execution of a new lease. . . *Walker* v. *Wadley,* 124 *Ga.* 275 (52 S. E. 904); *Lanham* v. *McWilliams,* 6 *Ga. App.* 85 (64 S. E. 294); *Parker* v. *Gortatowsky,* 127 *Ga.* 560 (56 S. E. 846). The plaintiff was not entitled to dispossess the defendant for any reason urged and the court did not err in directing a verdict for the defendant." In *Hamby* v. *Georgia Iron Co.,* 127 *Ga.* 792 (56 S. E. 1033), it is held: "If the stipulation is to be construed as merely an extension of the time under the old lease, and no new agreement was contemplated, then, no notice being expressly provided for in the contract, if the lessee merely remained in possession by virtue of the contract after the expiration of the two years, this would bind both the lessee and the lessor to an extension for the additional time stipulated in the lease, and no further notice would be required." In *Walker* v. *Wadley,* supra, the Supreme Court held: "A lease contract wherein the owner of land demises the premises for one year, with an option to the tenant during that year to extend the lease upon 'notice of intention to take this option' and a further option of renting the

premises for an additional term of five years at an increased rental, notice of acceptance of which to be given by the tenant at a stated time preceding the commencement of such additional term, is a lease for ten years at the election of the lessee, absolute for the first year and optional with the lessee as to future continuance under the terms and conditions prescribed in the lease contract." See also to the same effect *Lanham* v. *McWilliams, supra; Sterchi Bros.* v. *Mitchell,* 49 *Ga. App.* 826 (2) (176 S. E. 537) ; *Malcom Bros.* v. *Pollock,* 52 *Ga. App.* 772 (184 S. E. 659) ; *Slater* v. *Kimbro,* 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19) ; *Richards* v. *Plaza Hotel Inc.,* 171 *Ga.* 827 (156 S. E. 809).

Whether the lease from Dowd to the defendant was on record or not is immaterial. The defendant was in actual possession of the premises in question at the time the plaintiff purchased the same. In *Parker* v. *Gortatowsky,* 127 *Ga.* 560 (supra), the court said: "1. Actual possession of real property puts the world on inquiry as to the right under which the occupant holds. 2. Where actual possession was held by an agent, if no inquiry was made, the presumption is that inquiry would have developed under what right, title, or interest the possessor held."

The plaintiff did not inquire of the defendant what interest he had in the premises of which the defendant was in actual possession.

Counsel for the plaintiff cite and rely upon the Code, § 61-102, with reference to tenancy at will. This section is not applicable because in the instant case there was a written lease under which the defendant held. The lease does not create a tenancy at will. Counsel also cite *Walker* v. *Brooks Simmons Co.,* 44 *Ga. App.* 470 (161 S. E. 659). That case is not applicable because the facts differ from those of the instant case. Counsel for the plaintiff cite a number of cases to the effect that where the landlord parts with title pending a lease, the tenant by operation of law becomes the tenant of the purchaser. We do not understand that the defendant refused to pay the $30 per month to the plaintiff in accordance with the terms of his lease with Dowd. As to whether the plaintiff was tendered this rent for May and refused it, we have discussed this question hereinbefore. Objection was made by the plaintiff to the introduction of the lease from Danneman to the defendant. We agree with

the plaintiff and have so hereinbefore stated, that this lease was immaterial and of no effect one way or the other. It could not have possibly injured the plaintiff's cause in any way. We think the evidence demanded a finding for the defendant.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*