37611. KING *v.* PATE.

DECIDED APRIL 21, 1959—REHEARING DENIED MAY 7, 1959.

*James Maddox,* for plaintiff in error.

*James B. Langford,* contra.

NICHOLS, Judge. 1. The evidence adduced on the trial of the case showed that no "renewal" lease was ever executed by the parties, and while the defendant testified that he prepared a new lease for the plaintiff to sign (this lease was not in the record), he stated his purpose in preparing the lease as follows: "As to why I prepared a new lease and took it around there to get Mr. Pate to sign it; well, I prepared it for the one purpose

of having at least five more years in the same location, for the period from July 1, 1961, until '64 or '65; in order that I would have in that same location there until June 30, 1966." Evidently the lease prepared by the defendant for the plaintiff to sign was not only a lease for the five years from July 1, 1956, until June 30, 1961, but contained another option to renew from June 30, 1961, for an additional five years, or was a lease for ten years from July 1, 1956. This was not evidence that the defendant sought to assert his right to continue to lease the property from July 1, 1956, until June 30, 1961, under the provisions of the lease allegedly entered into on June 30, 1951, and quoted from in the above statement of facts. Therefore, we have no evidence of any writing under which the defendant claims to have renewed the lease.

In *Walker* v. *Brooks Simmons Co.*, 44 *Ga. App.* 470 (161 S. E. 659), it was held: "A provision in a written lease contract conferring upon the lessee the 'privilege of renewal of said lease for an additional period of five years at the same rental' is to be construed as a covenant to grant an estate, and not as a present demise, with the result that upon the expiration of the original lease the execution of a new lease is necessary, and the lessee holding over after the expiration of the original lease becomes a tenant at will."

Such case was held to be distinguishable from the facts in *Sterchi Bros. Stores* v. *Mitchell*, 49 *Ga. App.* 826 (176 S. E. 537), where it was held that, if the parties to the lease treated it as one that would be "extended" by the tenant paying a higher rental after the first period provided for in the lease, no new lease was required to be executed. Such case was also held to be distinguishable from the later case of *King & Prince Surf Hotel* v. *McLendon*, 74 *Ga. App.* 805 (41 S. E. 2d 556), where a higher rental was paid after the renewal date and where the plaintiff received its interest in the property after the alleged renewal had already taken place and was of course on notice of whatever interest the defendant, who was in possession, had in the property.

In the present case the plaintiff obtained title to the property on February 6, 1956, and the first term of the lease did not

expire until June 30, 1956. The defendant thereafter tendered a lease to the plaintiff which was not merely a renewal for the second five-year period. The only other evidence of any action by the defendant was that he told the plaintiff in February, 1956, either before or after the plaintiff purchased the property, that he wanted to stay on for the full ten years under the lease. While the defendant may have made such statement, this could not be a renewal. "A lease for more than a year cannot be renewed except in writing." *Hooks* v. *Lease*, 68 *Ga. App.* 850, 851 (24 S. E. 2d 601).

The real distinction between the cases of *King & Prince Surf Hotel* v. *McLendon*, 74 *Ga. App.* 805, *Sterchi Bros. Stores* v. *Mitchell*, 49 *Ga. App.* 826, and *Walker* v. *Brooks Simmons Co.*, 44 *Ga. App.* 470, all supra, is that in the first two cases the rent for the "renewal period" was higher than the original period under the lease and the parties at the time the leases were up for renewal treated them as being leases which could be extended, whereas in the latter case and in the case sub judice the rental was the same for both periods, and they were not treated by all the parties as leases that could be extended. Accordingly, the case sub judice is controlled by *Walker* v. *Brooks Simmons Co.*, supra, and the verdict for the plaintiff, directed by the trial court, was demanded by the evidence and the trial court did not err in denying either the defendant's motion for judgment non obstante veredicto or his motion for new trial on the usual general grounds.

2. The one special ground of the defendant's motion for new trial complains of the rejection of evidence dealing with the negotiation of the original lease. Under the ruling in the first division of this opinion such rejection of evidence, if error, was not harmful to the defendant.

*Judgments affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*

ON MOTION FOR REHEARING.

The defendant, in his motion for rehearing, contends that the court overlooked a part of his testimony and exhibits which were introduced in evidence. The testimony dealt with a letter which was introduced as an exhibit. The letter, dated October 3, 1956,

was written more than three months after the original lease had expired and was an attempt by the defendant to revitalize the lease which had already expired. At the time such letter was written the defendant had become a tenant at will and no action taken by him alone could create a new lease or renew the expired lease. Had this letter been written prior to the expiration of the first term of the lease, at a time when he had a right to renew the lease under his option, it could have acted as a renewal, but such was not the case here. Nor could the acceptance of rent by the landlord after receiving the letter work as an estoppel in the present case where there was no plea of estoppel by the tenant. See *Carter* v. *Carter*, 207 *Ga.* 460 (62 S. E. 2d 171).

*Rehearing denied.*