### 59971. ASK ENTERPRISES, INC. v. JOHNSON MODEL BEDDING, INC.

BIRDSONG, Judge.

Writ of possession — Lease renewal. Ask Enterprises, Inc. is the owner-lessor of rental premises located at Cherokee Plaza Shopping Center. Johnson Model Bedding, Inc. is a lessee of one of the store locations in the shopping center. On May 24, 1976, Johnson entered into a three-year lease with a termination date of May 31, 1979. The monthly rental rate was $650 per month. As a special stipulation, a portion of the lease provided that Johnson would "have an option to renew for five years at a rental of $700 per month plus any tax increase assessed to the date of the renewal." Another paragraph provided that if Johnson remained in possession after the expiration

of the term, with Ask's acquiescence and without *express agreement* between Johnson and Ask, Johnson would become a tenant at will, but there was to be no renewal of the lease by operation of law. The terms of the lease provided that one Benson was to be the rental agent and was to receive a commission even if the lease was renewed, terminated early, or ran to the original termination date. In early 1979, the manager and agent of Johnson (one Thompson) had a conversation with Benson and told Benson that he (Thompson) had informed the shopping center manager (Paris) of the desire to renew the lease for the five-year period at $700 per month. It was Thompson's understanding that Paris had agreed to the renewal. This testimony is unrebutted. Thompson inquired of Benson what was necessary to obtain the renewal. Benson informed Thompson that a new written lease was not necessary as the terms of the present lease did not require a new lease. But because the manager of the shopping center had changed between 1976 and 1979, Benson recommended that Johnson prepare a notification in writing that Johnson elected to renew for five years. However, the election letter was not received by Ask until June 11, 1979, several days after the end of the original term of the lease. Commencing in June, 1979, Johnson started payments at the rate of $700 per month, making those payments to Benson who in turn remitted the rental payments to Ask. These payments were made for several months and were accepted by Ask. However, Ask had been dissatisfied with Johnson as a tenant considering Johnson's bedding merchandise and storage as unsightly and a fire hazard. On September 26, 1979, Johnson was notified that Ask considered Johnson a tenant at will in accordance with the terms of the lease and gave Johnson 60 days to surrender possession. When Johnson did not vacate the premises, Ask brought the writ of possession which initiated this appeal. At a bench trial, the trial court denied the writ of possession concluding that Johnson had orally exercised its option to renew the lease for the additional period of five years. Ask brings this appeal disputing the denial of the writ of possession based on several asserted enumerations of error. *Held:*

Appellant Ask basically complains that the trial court erred in concluding that Johnson exercised its option to renew for five years in legal conformity with the terms of the lease. Ask contends that the lease required a separate express agreement (i. e., one in writing) stating the terms of the new rental. The court's findings to the contrary are claimed as error. Thus its findings that the oral exercise of the option, or that the written notice of June 11 was timely; that the tenancy actually created was not one at will; that the new term was a modification which could be and was entered into orally; or that Benson as an agent could have lawfully permitted Johnson to renew

the lease orally, are asserted as erroneous conclusions by the court. Each of these enumerations depends upon the validity of Ask's contention that the parties were dealing with a renewal and thus a new lease was required.

Pretermitting the question of whether the applicability of the statute of frauds might be obviated by the part performance of the "new" lease by Johnson by payment of the rental of $700 per month and the acceptance thereof by Ask for three or four months (see *Williams v. Southland Corp.,* 143 Ga. App. 111, 114 (237 SE2d 639); *Steininger v. Williams,* 63 Ga. 475), we are more concerned with the intent of the parties in the original lease. We note that the lease called for a term of three years at a rental of $650 per month with the right of "renewal" for five years at a rental of $700 per month. Though the lease also provided that the rental would include increases in assessments of taxes, this obviously contemplated only an increase in taxes over the rate prevailing at the time of execution in May, 1976, for there was no understanding that the $700 rental would be reduced if the tax rate were less. It is true that some things are certain, one of which is taxes. But the certainty of taxes does not preclude the possibility that the tax rate might be the same or less. Thus perforce we conclude that the tax figure was not a matter of negotiation so as to render the payment of rent a figure uncertain. The evidence shows that the parties had agreed to a rental for five years of $700 per month plus any increase in taxes.

"A lease contract wherein the owner of land demises the premises for one year, with an option to the tenant during that year to extend the lease upon 'notice of intention to take this option,' and a further option of renting the premises for an additional term of five years at an increased rental, notice of acceptance of which to be given by the tenant at a stated time preceding the commencement of such additional term, is a lease for ten years at the election of the lessee, absolute for the first year and optional with the lessee as to future continuance under the terms and conditions prescribed in the lease contract." *Walker v. Wadley,* 124 Ga. 275 (52 SE 904). To the same effect, see *Richards v. Plaza Hotel,* 171 Ga. 827 (156 SE 809); *Slater v. Kimbro,* 91 Ga. 217 (18 SE 296); *King &c. Hotel v. McLendon,* 74 Ga. App. 805 (41 SE2d 556); *Malcom Bros. v. Pollock,* 52 Ga. App. 772 (184 SE 659); *Sterchi Bros. Stores v. Mitchell,* 49 Ga. App. 826 (2) (176 SE 537); *Lanham v. McWilliams,* 6 Ga. App. 85 (64 SE 294). As was said in *Pritchett v. King,* 56 Ga. App. 788 (194 SE 44) at p. 792: " 'The view has been taken that a lease for a specific term with the privilege of a renewal on the same terms is equivalent, where such privilege is exercised, to a demise for the full period of the two terms, without any necessity for the execution of a new lease.' " We are

persuaded by the logic of these cases and hold that we are dealing here with the extension of the lease and not a renewal thereof.

In this case because Johnson is in possession pursuant to the original written lease, it cannot be said that Johnson is a tenant at will. *Sterchi Bros. Stores v. Mitchell,* supra, p. 431. That written lease did not provide any particular method for notification of the election to extend the lease for the full term of eight years. It is not contested that oral notification in fact was tendered prior to the termination of the original three-year term. Under these facts, we conclude that Ask was not entitled to dispossess Johnson for any of the reasons urged and the court did not err in entering judgment for Johnson. *Pitman v. Griffeth,* 131 Ga. App. 489, 495 (206 SE2d 115).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JUNE 2, 1980 — DECIDED JULY 14, 1980.

*John W. Chambers, John W. Chambers, Jr.,* for appellant.
*Craig R. Goodman,* for appellee.