21630. SCRUGGS v. PURVIS.

CANDLER, Justice. On January 24, 1962, Fred Scruggs filed a suit for equitable relief against Mrs. Porter Purvis. As amended, his petition alleges in substance the following facts: On June 9, 1955, he and Mrs. Purvis entered into a contract,

which permitted him to mine and remove sand from a certain lot of land she owned and also to use other lands owned by her as a means of ingress and egress for the removal of the sand. The contract recites: "The term of this lease is for one year, beginning on the 9th day of June, 1955, and ending on the 8th day of June, 1956. The party of the second part [Scruggs] has the option, right and privilege to renew and extend this lease on the terms herein set forth from year to year, provided, only, he pays the consideration . . . mentioned [herein]." The contract expressly provides that, if Scruggs defaults in any of its provisions, Mrs. Purvis is to give him 10 days' notice of such claimed default and, if there is in fact a default and such default continues after the expiration of such 10-day period, she has a right to cancel the contract. However, the petition alleges that no default in its terms had occurred and that no notice of any claimed default had been given him. It also alleges that Mrs. Purvis had placed locked gates across his roads, which deprive him of access to the sand on her land and that she had notified him that she had terminated the contract between them. The petition further alleges that the action taken by Mrs. Purvis, if sustained and sanctioned by a court of equity, will result in an injury to petitioner which cannot be readily, adequately, and completely compensated with money, nor can it be measured by pecuniary standards, and that petitioner's only remedy is in a court of equity. He prayed that Mrs. Purvis, and those acting for her, be temporarily and permanently enjoined (1) from interfering with his right to mine and remove sand from the leased premises; (2) from depriving him of his right of ingress and egress to and from the premises involved for the purpose of removing sand therefrom; (3) from otherwise interfering with the orderly conduct of his business; and (4) for general relief. The amended petition was dismissed on general demurrer and the exception is to that judgment. *Held*:

In their briefs the parties agree that the only question presented for decision by the writ of error is whether or not an annual written renewal of the contract, which the parties entered into on June 9, 1955, was required to extend it beyond the initial one-year period fixed by the terms thereof. To ascertain the intention of the parties with respect to this question, the entire contract must be examined and considered. See

*Hamby & Toomer v. Georgia Iron &c. Co.*, 127 Ga. 792 (56 SE 1033), which involved the meaning of a contract and where it was said at page 802: "The stipulation in question uses both the words renew and extend, but when it is con-·strued as a whole, it is manifest that it was intended merely to extend the time upon all the terms and conditions stated in the lease. While the words renew and extend do not always mean the same thing, still in interpreting a stipulation of the character above referred to, the context must be considered, and the intent of the parties must be arrived at, and this may, under certain circumtances, require that these words shall be given a similar meaning." The construction placed upon a contract by the parties thereto, as shown by their acts and conduct, is entitled to much weight and may be conclusive upon them. *Asa G. Candler, Inc. v. Georgia Theater Co.*, 148 Ga. 188 (5) (96 SE 226, LRA 1918F 389); 5 Elliott on Contracts, § 4556. The contract here involved does not require Scruggs to give Mrs. Purvis any notice of his intention to "renew and extend" the contract annually; it simply provides that he has "the option, right and privilege to renew and extend this lease on the terms herein set forth from year to year, provided, only he pays the consideration hereinafter mentioned." The petition as amended alleges that the parties have operated under the contract here involved from year to year since its initial one-year period expired in 1956; that they have at all times since its execution in 1955 treated it as being in full force and effect; that the lessee has remained in continuous possession of the leased premises and paid the lessor the agreed amount for all sand removed from her land monthly; that he has permitted the lessor to examine his books and records at any time she desired to do so; that Mrs. Purvis had during the entire period from June 9, 1955, until on or about January 23, 1962, when she barricaded and thus closed his access roads, acquiesced in and recognized the effective existence of the lease by monthly accepting the contract amount due her for sand and by allowing the lessee to spend approximately $60,000 for railroad spurs or sidings and for machinery and equipment installed on the premises during the years he had operated until the original contract. The contract expressly and specifically provides that Scruggs has a right to renew and extend

it from year to year by paying Mrs. Purvis monthly the contract amount due her for sand; and, since the petition clearly shows that Scruggs has complied with all of the requirements of the contract which are necessary to effect its annual renewal and extension, it necessarily follows that the petition states a cause of action for the relief sought and that the trial judge erred in dismissing it on demurrer. In this connection see *Slater v. Kimbro*, 91 Ga. 217 (18 SE 296, 44 ASR 19), and *Ehrlich v. Teague*, 209 Ga. 164 (2) (71 SE2d 232). A different holding is not required by *Citizens Oil Co. v. Head*, 201 Ga. 542 (40 SE2d 559), as the ruling there made was based on facts substantially different from those of the present case.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 14, 1962—DECIDED MAY 28, 1962.

*J. Lundie Smith,* for plaintiff in error.
*Hugh D. Wright, Edward Parrish,* contra.