### 55706. LINCH et al. v. McNEIL REAL ESTATE FUND VI, LTD. et al.

SMITH, Judge.

In this landlord-tenant dispute, appellants contend the trial court erroneously determined that they were tenants at will with an obligation to pay $460 per month, the attested-to reasonable rental value of the apartment they rented from appellee. Appellants contend that, instead, they were tenants under a written lease requiring them to pay only a rent of $400 per month. We agree with appellants' contention and affirm the trial court's judgment on the condition that the amounts disbursed to appellee in excess of $400 per month be refunded to appellants.[1]

---

[1] Appellants do not contest the trial court's grant of a writ of possession.

The form contract governing appellants' lease, prepared by appellee's predecessor in title, provided: "Lessor does hereby rent and lease to the Lessee Apartment No. 3107 (hereinafter called 'Premises') in Lessor's apartment house situated at Cumberland Club Drive in metropolitan Atlanta, Georgia, for a term commencing on the 1[st] day of December, 1970, and ending on the 30[th] day of November, 1971, at midnight . . . Lessee shall pay to Lessor, through its designated agent, on the first day of each month in advance during the initial term of this lease a monthly rental of Four Hundred Dollars . . . said rental to be increased at the beginning of each renewal period of this lease by 1% of the rental of the previous period . . . Should Lessee desire to vacate premises and terminate this lease at the expiration of the term set out above, Lessee agrees to notify Lessor of such intent at least 30 days prior to such date of expiration. Should Lessor desire to terminate this lease at the expiration of the term set above, Lessor agrees to notify Lessee of such intent at least 30 days prior to such date of expiration. If neither party gives the other party such written notice of intent to terminate at least 30 days prior to such date of expiration, then this lease shall be deemed to be renewed for an additional term of one year, with the rental as provided" above. Other provisions of the lease spoke of "the original term of this lease" and "any extant renewal thereof." Appellants occupied the apartment, paying $400 per month in rent, from December 1, 1970, to November 30, 1976, and on the latter date, appellants received written notice that appellee's predecessor in title was terminating their lease and demanding immediate possession. Appellants continued to occupy the premises, paying $400 per month and, on March 25, 1977, appellee, as the successor landlord, repeated the demand for immediate possession. On April 1, 1977, appellee filed a dispossessory warrant in the court below, which warrant alleged appellants were holding the apartment beyond the term for which it was rented them. Appellants answered that they were tenants under the terms of a lease which renewed December 1, 1976, and then remained in effect until November 30, 1977, and, that under the lease provisions, the notice

given on November 30, 1976, was not effective to terminate. On April 29, 1977, at a nonjury trial, the court granted appellee a writ of possession and ordered appellants to pay rent for April in the amount of $460. The court based its decision particularly upon its conclusion of law that, on the expiration of the initial year of the lease, appellants became tenants at will. The court also ordered appellants, during the pendency of this appeal, to pay $460 per month into the registry of the court, which amount was ordered disbursed to appellee.

1. In its written recollection of the trial, the trial court stated, "The Court requested to see a copy of the Lease Contract dated February 24, 1972, between the Defendants and the former landlord, and this lease, although not introduced into evidence by either party, was considered by the Court in deciding the case." No objection was made to the court's so proceeding. Therefore, appellee waived any objection to the court's consideration of the lease and to its inclusion in the record on appeal.

2. We conclude the trial court erred in holding that appellants had become tenants at will at the expiration of the initial year of the lease. Rather, appellants and appellee remained bound by the terms of the written lease, which automatically extended, year-to-year on December 1 of a given year, in the absence of timely termination notice by one of the parties to the lease. We realize that the use of the word renewal usually contemplates not automatic extension but the execution of a new lease (*Citizens Oil Co. v. Head,* 201 Ga. 542 (40 SE2d 559) (1946)), without the execution of which the tenant does become one at will upon the end of the original term. *Erquitt v. Solomon,* 135 Ga. App. 502 (218 SE2d 172) (1975). However, we must ascertain, from the facts and circumstances before us, the parties' intent on entering the lease, and the use of "renewal" is not alone controlling. See *Chalkley v. Ward,* 119 Ga. App. 227 (166 SE2d 748) (1969). The language of this lease indicates appellants and appellee did not intend that a new lease be executed at the end of each year. Of particular import is the fact that the lease did not require appellants to give appellee notice in order to extend the tenancy for a

successive year. *Chalkley v. Ward,* supra; *LeCraw v. Atlanta Arts Alliance,* 126 Ga. App. 656 (191 SE2d 572) (1972). Furthermore, the tenancy conditions pertaining to each extension term, e.g., rental cost, were set out in the lease. *Candler v. Smyth,* 168 Ga. 276 (147 SE 552) (1929). Finally, appellee and its predecessor, for six years, unequivocally permitted appellants to occupy the apartment and pay $400 in monthly rent, without the execution of a new lease, signifying that all the parties construed the lease to be extended year-to-year without the necessity for the yearly execution of a new lease. Their construction of the lease, of course, "is entitled to much weight." *Scruggs v. Purvis,* 218 Ga. 40 (126 SE2d 208) (1962); see also *Chalkley v. Ward,* supra, p. 231. Appellants therefore remained tenants under the written lease, and, because of appellee's and its predecessor's waiver of the lease provision stipulating a 1% increase in monthly rent for each new term (Code § 20-116; *B-Lee's Sales Co. v. Shelton,* 141 Ga. App. 870 (1) (234 SE2d 702) (1977)), appellants owed rent of only $400 per month.

*Judgment affirmed on condition. Deen, P. J., and Banke, J., concur.*

Argued April 4, 1978 — Decided July 3, 1978.

*Hall & Fishman, Robert W. Chestney,* for appellants.
*Rolader, Barham, Davis, Graham & McEvoy, Lawrence J. McEvoy, Jr., Charles T. Harrison, III,* for appellees.