62971. ELLIS et al. v. BROOKWOOD PARK VENTURE.

McMURRAY, Presiding Judge.

This dispossessory warrant proceeding was brought by plaintiff to evict defendants from an apartment. The plaintiff alleges that the defendant tenants are holding over beyond the term for which the apartment was leased to them. Plaintiff filed its motion for summary judgment and after some discovery the trial court ruled on plaintiff's motion granting summary judgment in favor of plaintiff. Defendants appeal. *Held:*

The issues involve the construction of a lease contract between plaintiff's predecessor and defendants which provided for a three-year term but also included a special stipulation that "Management will allow Resident to renew lease at expiration date for an additional two years." The trial court interpreted this provision as implicitly carrying with it a requirement that notice of intent to renew be given to management. The notice requirement as determined by the trial court would be controlled by that provision (paragraph 19) of the lease which required that any notice required to be given under the lease shall be in writing. The evidence shows that the defendants

provided no written notice of intention to renew the lease. Therefore, the trial court determined that the lease had expired at the end of the term of the original three years.

An implicit contractual provision exists only where such provision is necessary to effect the full purpose of the contract and is so clearly within the contemplation of the parties that they apparently deemed it unnecessary to state it. See *Alice v. Robett Manufacturing Co.,* 328 FSupp. 1377.

In *Hamby & Toomer v. Ga. Iron &c. Co.,* 127 Ga. 792, 802 (56 SE 1033), the Supreme Court faced with a similar issue stated, "It becomes necessary to determine the question of whether this stipulation is such as to provide for a renewal of the lease, or a mere extension of the time first stipulated in the lease. The consequences which would flow from the construction that it provides for a renewal would be different from those which would flow from construing it as providing for a mere extension. If the stipulation contemplates a new contract at the expiration of the [term], then it would be a renewal, and the execution of a new lease would be indispensable. In this contingency it would be incumbent upon the lessee to notify the lessor, before the term expired, that he had exercised his option to take a new lease. On the other hand, if the stipulation is to be construed as merely an extension of the time under the old lease, and no new agreement was contemplated, then, no notice being expressly provided for in the contract, if the lessee merely remained in possession by virtue of the contract after the expiration of the [term], this would bind both the lessee and the lessor to an extension for the additional time stipulated in the lease, and no further notice would be required."

As this court has recently stated, "We realize that the use of the word renewal usually contemplates not automatic extension but the execution of a new lease (*Citizens Oil Co. v. Head,* 201 Ga. 542 (40 SE2d 559) (1946)), without the execution of which the tenant does become one at will upon the end of the original term. *Erquitt v. Solomon,* 135 Ga. App. 502 (218 SE2d 172) (1975). However, we must ascertain, from the facts and circumstances before us, the parties' intent on entering the lease, and the use of 'renewal' is not alone controlling. See *Chalkley v. Ward,* 119 Ga. App. 227 (166 SE2d 748)." *Linch v. McNeil Real Estate Fund VI,* 146 Ga. App. 505, 507 (2) (246 SE2d 718).

The language of the lease in the case sub judice indicates that the parties intended that a new lease be executed although there was no express requirement for notice of such. The notice requirement was implicit and indispensable in that the terms of the original lease although expressing parameters within which the rent could be

elevated by the landlord upon the renewal the exact figure for the rent during the renewal period is not supplied by the original lease. Therefore, it must be contemplated that a subsequent agreement would be entered between the parties. This distinguishes the case sub judice from the similar case of *Linch v. McNeil Real Estate Fund VI*, 146 Ga. App. 505, 508 (2), supra. The case sub judice also differs in that there was no waiver of the lease provisions by the plaintiff, nor conduct by the parties suggesting a different construction of the lease. The evidence thus shows that the usual meaning of the word "renewal" was contemplated by the parties to the lease, and no alteration of this meaning was effected by the conduct of the parties. The trial court correctly granted summary judgment in favor of plaintiff.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 11, 1982.

*Donald E. O'Brien,* for appellants.
*Rucker Smith, Russell S. Thomas,* for appellee.