## S91A0237, S91X0239. CRYSTAL BLUE GRANITE QUARRIES, INC. et al. v. McLANAHAN; and vice versa.

(404 SE2d 266)

BENHAM, Justice.

In 1960, Ms. McLanahan leased 79.9 acres for quarrying purposes for a 25-year period to the predecessor in interest of Crystal Blue Granite Quarries ("Crystal Blue"). The lease was assignable, and gave the lessee the right to renew for an additional 25-year period "upon the same terms and conditions [as the 1960 lease] with . . . specific exceptions." The 1960 lease then provided that any renewal would provide for an increase in the minimum annual guaranteed rent from $750 to $1,200, and payment of the "prevailing rate" per cubic foot of usable granite quarried and removed, or $.10 per cubic foot, whichever was greater. Should the parties be unable to agree upon the "prevailing rate," the lease provided for binding arbitration of the issue.

At the expiration of the initial 25-year lease period in 1985, the assignee of the lease expressed interest in renewing the lease, but no written lease was executed. Ms. McLanahan thereafter accepted annual payments of $1,200, but no payments for quarried granite were made because no quarrying took place until 1989, when the lease was assigned to Crystal Blue. When Ms. McLanahan and Crystal Blue could not agree upon the "prevailing rate" for quarried granite, Crystal Blue invoked the arbitration clause contained in the 1960 lease. Ms. McLanahan refused to enter into arbitration and filed suit against Crystal Blue, seeking a temporary restraining order and damages for trespass. The trial court denied the TRO, but granted partial summary judgment to Ms. McLanahan, finding as a matter of law that the 1960 lease had not been renewed. The trial court left for jury resolution whether the 1960 lease had been extended and whether Ms. McLanahan was equitably estopped from denying that the lease was extended. Crystal Blue appeals from the trial court's determination that the 1960 lease had not been renewed, and Ms. McLanahan seeks review of the trial court's denial of the TRO and its refusal to grant her complete summary judgment.

1. If the 1960 lease contemplated a new contract at the expiration of the 25-year lease period, then it would be a renewal, requiring the execution of a new lease. *Citizens Oil Co. v. Head*, 201 Ga. 542 (40 SE2d 559) (1946). If, however, the 1960 lease provided merely for an extension of itself and no new agreement was contemplated, then the parties would be bound to an extension for the additional time without the execution of a new agreement. *Hamby & Toomer v. Ga. Iron &c. Co.*, 127 Ga. 792, 802 (56 SE 1033) (1906); *Pritchett v. King*, 56 Ga. App. 788 (194 SE 44) (1937). A stipulation intended merely to lengthen the time upon terms and conditions stated in the lease is an extension. *Hamby & Toomer*, supra at 802. That the parties used the

term "renewal" when referring to the stipulation is not controlling. *Linch v. McNeil Real Estate Fund VI*, 146 Ga. App. 505 (2) (246 SE2d 718) (1978). Where a stipulation is called a "renewal" and the amount of rent for the additional period is not a set amount contained in the original lease but is subject to determination at the time of renewal, a new lease is indispensable. *Krueger v. Paul*, 141 Ga. App. 73, 74 (232 SE2d 611) (1977). See also *Ellis v. Brookwood Park Venture*, 161 Ga. App. 242 (288 SE2d 308) (1982). The Court of Appeals has also opined that a renewal rental amount was not uncertain if it were not a matter of negotiation (*Ask Enterprises v. Johnson Model Bedding*, 155 Ga. App. 294 (270 SE2d 709) (1980)) and, in dicta, the court noted that the original lease need not fix all of the terms of the future term, but "may furnish a certain and definite method for their ascertainment and determination in the future." *McCormick v. Brockett*, 167 Ga. App. 325 (306 SE2d 344) (1983).

Relying on *Ask Enterprises*, supra, Crystal Blue contends that the stipulation to renew the lease should be considered a lease extension, thereby precluding the need for a new written lease, because the term at issue, the "prevailing rate," although clearly not set in the original lease, is not negotiable inasmuch as it is to be determined by binding arbitration should the parties be unable to agree at the time of renewal. We do not agree. In order for the stipulation to renew the lease without the execution of a new lease, the original lease must contain a mechanism by which certain and definite terms are ascertainable without resort to any mode of conflict resolution (e.g., arbitration, negotiation, litigation). Thus, original leases that provide renewal rent of "$700 per month plus any tax increase assessed to the date of renewal" (*Ask Enterprises*, supra), or "no more than a 10% increase in rent" (*Head v. Scanlin*, 258 Ga. 212 (367 SE2d 546) (1988)), contain mechanisms by which a certain and definite amount of rent is ascertained without resorting to conflict resolution. The mechanism used in the original lease in the case at bar, however, does not provide for such certainty and definiteness without conflict resolution. Thus, the execution of a new lease was necessary to renew the lease. In the absence of the execution of the renewal lease, the trial court did not err in determining that, as a matter of law, no renewal had occurred and in granting partial summary judgment to Ms. McLanahan.

2. Since the 1960 lease expired in 1985 and was not renewed, it follows that the arbitration clause contained therein was not in effect in 1989. Therefore, the trial court did not err in denying Crystal Blue's motion to compel arbitration pursuant to the contractual terms.

3. Ms. McLanahan contends the trial court erred in failing to grant her summary judgment on other aspects of Crystal Blue's suit.

The trial court concluded that an issue of fact remained as to whether the 1960 lease had been extended. Inasmuch as an extension does not contemplate a new agreement (*Hamby & Toomer*, supra), and we have held that a new agreement was necessary in this case (see Division 1, supra), there was no extension as a matter of law. Therefore, the trial court should have granted summary judgment to Ms. McLanahan on the issue of whether there had been an extension of the 1960 lease as a matter of law. However, the trial court correctly denied summary judgment to Ms. McLanahan on the issue of equitable estoppel since the record contains evidence from which a factfinder might determine that Ms. McLanahan is equitably estopped from denying the existence of a contract between her and Crystal Blue. Because this factual issue remained unresolved, the trial court did not err in denying Ms. McLanahan's request for a temporary restraining order enjoining Crystal Blue from being on the disputed land.

*Judgment affirmed in Case No. S90A0237. Judgment affirmed in part and reversed in part in Case No. S90X0239. All the Justices concur, except Weltner and Fletcher, JJ., who concur in the judgment only.*

Decided May 23, 1991.

*John Stephen Jenkins, Hewell D. Fleming,* for appellants.
*Thomas M. Strickland, Harold D. Corlew,* for appellee.