A04A1272. DREAM MAKER CONSTRUCTION, INC.
v. MURRELL et al.
(603 SE2d 72)

ELDRIDGE, Judge.

Dream Maker Construction, Inc. entered into a contract to sell land and a newly constructed house to April and Troy Murrell, which contract contained a broad arbitration agreement under the Georgia Arbitration Code. Alleged negligent construction, installation, and inspection caused carbon monoxide to injure the plaintiffs who sued Dream Maker and others for tortiously injuring them. Dream Maker answered, raising the defense of arbitration, and made a timely motion to compel arbitration, which the trial court denied. Finding no

error, we affirm, because the Georgia Arbitration Code expressly excludes future personal injuries or wrongful death from the Act's ambit.

This is an issue of first impression under the Georgia Arbitration Code, because the Act's language is so clear and unambiguous on the issue of exclusion of future personal injury or wrongful death. Ga. L. 1988, pp. 903, 905-906, § 1 (OCGA § 9-9-2 (c) (10)). While the parties entered into a valid and binding agreement to arbitrate all disputes under the Georgia Arbitration Code, the Georgia Arbitration Code was never intended by the General Assembly to encompass personal injury or wrongful death actions by the General Assembly, because the Act expressly excluded such subject matter from coverage. See OCGA § 9-9-2 (c) (1), (10). The Georgia Arbitration Code expressly excludes from the ambit of the Act all future medical malpractice, wrongful death, or personal injury actions; even though the agreement in this case had language broad enough to include such disputes, the clear and unambiguous language of the Act itself prohibited such inclusion. OCGA § 9-9-2 (c) (1), (10). Thus, as in this case, the arbitration agreement covers all other disputes that may arise from construction defects or warranty issues but cannot as a matter of Georgia public policy cover future personal injuries or wrongful death. OCGA § 9-9-2 (c) (10).

Plaintiff's authority to the contrary is inapposite. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1, 24-25 (103 SC 927, 74 LE2d 765) (1983), was a decision under the Federal Arbitration Act and is not binding authority, only persuasive authority; further, it did not involve future personal injuries or wrongful death. Likewise, *Wise v. Tidal Constr. Co.*, 261 Ga. App. 670 (583 SE2d 466) (2003), arose as a Federal Arbitration Act case which did not involve personal injury or death, but which involved fraud. *Haynes v. Fincher*, 241 Ga. App. 179, 180-181 (525 SE2d 405) (1999), was a Federal Arbitration Act case involving warranty defects and did not involve either future wrongful death or personal injuries. None of these cases comes under the Georgia Arbitration Code or involves future personal injury or wrongful death.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JULY 26, 2004 — ▮▮▮▮▮▮▮▮▮▮

*Daniels & Taylor, Jerry A. Daniels*, for appellant.

*Warshauer, Thomas, Thornton & Rogers, Michael J. Warshauer, Lyle G. Warshauer, Swift, Currie, McGhee & Hiers, Charles B. Marsh, Barry S. Noeltner,* for appellees.