### A06A1196. PICKLE v. RAYONIER FOREST RESOURCES, L.P.
(638 SE2d 344)

BARNES, Judge.

David T. Pickle d/b/a David T. Pickle Timber Company appeals the trial court's grant of a motion to compel arbitration by Rayonier Forest Resources, L.P. f/k/a Rayonier Timberlands Operating Company, L.P. For the reasons that follow, we affirm the trial court.

Pickle and Rayonier entered into a timber contract on March 27, 2002, which gave Pickle the exclusive right to harvest certain trees on Rayonier's property until March 27, 2003, in exchange for a specified price per ton. Pickle advanced $20,000 to Rayonier, against which the purchase price of the timber was credited according to weekly scale tickets, which show the weight of the timber cut and delivered. After the advance was exhausted, Pickle was to pay weekly for the timber removed "upon settlement of tonnage." If the parties disputed the settlement amounts, the agreement provides that the dispute would be submitted to arbitration within 14 days. Section 4.3 of the agreement spelled out how the scale ticket receipts should be identified and distributed so that Rayonier could provide a Cutting Report and Sales Record to Pickle weekly, detailing the timber removed the week before, and § 4.4 provides that Pickle give Rayonier a $5,000 performance deposit. That deposit was to be returned to Pickle "upon the satisfactory completion of all harvesting operations" as shown by a Harvest Completion Letter. After addressing title to land, right of entry, harvesting specification, protection of property and people, environmental compliance, penalties, insurance, taxes, and load and scale tickets, the agreement provides, "As to all matters relating to the settlement of TIMBER volumes and payment, time is of the essence in the performance of this Agreement. As to all other matters, a reasonable period of time is applied." The contract then provided that "[a]ny disputes arising under the terms of this Agreement shall be submitted for resolution upon written demand to an Arbitrator . . ." pursuant to laws of Georgia and the rules of the American Arbitration Association.

After the contract's harvesting term ended on March 27, 2003, Pickle submitted his Harvest Completion Letter and received his performance deposit back. In May 2005, Rayonier sent Pickle an arbitration demand letter, contending that Pickle had cut and sold timber from the property specified in the contract and sold it to third

parties without paying Rayonier. In September 2005, Rayonier filed a demand for arbitration against Pickle in superior court, seeking an order to compel Pickle to participate in arbitration. Pickle responded, asserting that the contract had been completed, the performance bond had been returned, and the arbitration clause had expired. He also moved to stay the arbitration, arguing that the right to arbitrate was time-barred, and that the arbitration clause does not apply because Rayonier was accusing him of a tort outside of the parties' agreement.

After hearing oral argument from both parties, the trial court granted Rayonier's motion to compel Pickle to arbitrate and certified the issue for immediate review. This court granted Pickle's application for an interlocutory appeal.

Pickle enumerates two errors, asserting that the trial court erred because (1) the parties' agreement had expired and Pickle was no longer bound by the agreement's arbitration clause, and (2) the dispute arose outside of the contract terms.

> Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. Therefore, the question of arbitrability, i.e., whether an agreement creates a duty for the parties to arbitrate the particular grievance, is undeniably an issue for judicial determination.

(Citation, punctuation and footnotes omitted.) *BellSouth Corp. v. Forsee*, 265 Ga. App. 589, 590 (595 SE2d 99) (2004). We review the trial court's construction of an arbitration contract de novo. *Krut v. Whitecap Housing Group*, 268 Ga. App. 436, 441 (2) (602 SE2d 201) (2004).

1. Pickle contends that the trial court erred because his agreement with Rayonier had expired and Pickle was no longer bound by the agreement's arbitration clause. This argument is not supported by the contract itself. While Pickle argues that the contract expired one year after the parties entered into it, the contract does not include an expiration date. Instead, it provides that Pickle's right to harvest timber from Rayonier's property expired in one year, on March 27, 2003. The contract clearly contemplates that the parties had further duties to perform after Pickle stopped harvesting the timber in March 2003. For example, Pickle had to submit the Harvest Completion Letter, and Rayonier had to return Pickle's performance deposit. As Rayonier argued at the hearing, after the timber was cut, Rayonier examined the load tickets and the amount of money paid to Pickle, which resulted in the dispute it seeks to arbitrate. The contract itself specified that time is of the essence only with respect to the disputed settlement amounts, which were to be arbitrated within 14 days, but

as to all other matters, "a reasonable period of time is applied." We cannot say as a matter of law that two years from completion of the harvest to the demand for arbitration is not a "reasonable period of time," so as to forestall Rayonier's right to arbitrate a dispute arising under the contract.

Pickle contends that *Crystal Blue Granite Quarries v. McLanahan,* 261 Ga. 267 (404 SE2d 266) (1991), requires a different result. In *Crystal Blue,* however, the Supreme Court of Georgia declined to enforce an arbitration provision in a lease agreement that had expired four years before, holding that the lease had not been renewed as a matter of law. Thus the quarry operator could not force the property owner to arbitrate the "prevailing rate" of granite quarried long after the lease expired. Id. at 268 (1). In this case, the property owner seeks to arbitrate the payment of timber it alleges was harvested during the period of occupancy set out in the contract. As discussed, the contract contemplates further action after Pickle stopped harvesting the timber in March 2003.

2. Pickle combines two arguments in his second enumeration. He argues that the dispute Rayonier seeks to arbitrate did not arise from the contract, but is a separate tort claim to which the contract's arbitration clause does not apply. He also contends that this arbitration clause does not by its terms apply to disputes arising after the contract ends because it does not mirror the language of OCGA § 9-9-3.

(a) The Georgia Arbitration Code clearly and unambiguously prohibits parties from agreeing to arbitrate future wrongful death or personal injury actions. OCGA § 9-9-2 (c) (10); *Dream Maker Constr. v. Murrell,* 268 Ga. App. 721 (603 SE2d 72) (2004). We need not decide whether a tort other than those specifically excluded by the arbitration code can be subject to arbitration, because Rayonier's claim does not sound in tort. The issue Rayonier seeks to arbitrate is whether Pickle cut and removed timber from its property and sold it without paying Rayonier. Pickle claims that this constitutes a tort claim that is not arbitrable under their contract, but as Rayonier points out, the subject matter of the contract was the cutting and selling of timber. Further, "[w]here a broad arbitration clause is in effect, even the question of whether the controversy relates to the agreement containing the clause is subject to arbitration." (Citation omitted.) *Wise v. Tidal Constr. Co.,* 261 Ga. App. 670, 673 (1) (583 SE2d 466) (2003) (construing Federal Arbitration Act).

(b) Under OCGA § 9-9-3, "a provision in a written contract to submit any controversy *thereafter arising* to arbitration is enforceable." (Emphasis supplied.) Pickle argues that because this contract only applies to "any dispute *arising under* the terms of the agreement," disputes arising after the contract ends are not subject to

arbitration. As discussed in Division 1, however, the contract did not end when Pickle's right to harvest timber ended. Further, the language applying the arbitration requirement to "any dispute" is broad enough to cover this dispute. We cannot discern a substantive difference between the phrases "controversy thereafter arising" and "dispute arising under." At any rate, both descriptions cover the issue Rayonier seeks to arbitrate.

Accordingly, the trial court did not err in ordering Pickle to submit to arbitration.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 11, 2006 —
RECONSIDERATION DENIED NOVEMBER 7, 2006 — 

*Howard C. Kaufold, Jr.,* for appellant.
*Green, Johnson & Landers, David A. Sapp, Lawrence J. LoRusso, Mary Paige Adams,* for appellee.

