### CARMICHAEL *v.* BROWN.

1. A lease of all the "pine timber" on a given area of land "for the purpose of manufacturing spirits of turpentine," etc., "for the full term of three years from the time boxes are cut," does not necessarily mean that the term of the lease will expire at the end of three years from the date the first trees are boxed.

2. The words "from the time boxes are cut," as used in such a lease, are ambiguous, and cannot be correctly construed by the court without the aid of extraneous evidence to explain their real meaning as understood by the parties.

3. The plaintiff having asserted that the lease had expired, the burden of establishing this assertion rested upon him; and inasmuch as he failed to do so by introducing other evidence to show what the contract embodied in the lease really meant as to the time from which the three years should be computed, the court, without the aid of such evidence, being unwarranted in holding absolutely that the lease expired at the expiration of three years from the date of the first boxing, erred in granting the injunction.

Atkinson, J., concurring.—The terms of the lease as indicated in the first head-note above are not ambiguous. Such a lease conveys to the lessee the right of enjoyment for the specified purpose during the term named, dating from the time the boxes are actually cut. If he enter and cut a portion of the boxes, his term as to them begins to run at the date of their cutting, and extends to all the timber, boxed or unboxed, embraced within the area over which his boxing operations have actually extended. If a portion of the leased land remain entirely unboxed, he may thereafter enter and box the same, provided his entry be within a reasonable time according to the usages of turpentine operators in the ordinary prosecution of their business in that locality.

December 21, 1895.

Injunction. Before Judge Smith. Wilcox county. July 6, 1895.

J. H. Martin, for plaintiff in error.

SIMMONS, Chief Justice.

In 1889 Young leased to certain parties who transferred the lease to Carmichael, "all the pine timber" on a certain tract of land in Wilcox county, Georgia, "for the full term of three years from the time boxes are cut, . . . to be used and worked and operated for the purpose of manufacturing spirits of turpentine." In 1891 Carmichael boxed the trees on a part of the tract and used the same for the manufacture of spirits of turpentine. In 1895 he commenced boxing the trees on the remaining portion of the land; whereupon Brown, who had purchased the land from the lessor, sought an injunction to restrain him from doing so, and the court granted the injunction. Upon the hearing of the petition for injunction, it was admitted that the plaintiff bought with knowledge of the lease; but it was

contended that the lease had expired, it being claimed that
the words "three years from the time boxes are cut" meant
that the lease should expire as to all the trees on the tract
three years from the time any of the trees should be boxed.
The defendant, on the other hand, contended that the limit
stated applied only to such trees as were boxed, the pur-
pose being to allow three years' use of the trees for
turpentine purposes after the trees had been boxed, so that
if for three years after boxing operations were begun they
were confined to a certain part of the tract, the lessee
would still, after the lapse of that period, have a right to
commence such operations on other parts of the land unless
his delay in so doing had extended beyond a reasonable
time, it being conceded to be an implied condition of the
contract that whatever boxing was done should be com-
menced within a reasonable time. The court sustained
the contention of the plaintiff, and held that upon its face
the contract meant that the terms of the lease should ex-
pire at the end of three years from the date the first trees
were boxed. In the opinion of a majority of this court,
the contract does not necessarily require the construction
which was placed upon it by the court below. On the
other hand we are not prepared to concur with our brother
Atkinson in holding that the contract upon its face and
without the aid of extrinsic evidence should receive the
construction contended for by counsel for the plaintiff in
error. We think the language in question is ambiguous,
and cannot be correctly construed by the court without the
aid of extraneous evidence to explain its real meaning as
understood by the parties; and we are the more impressed
with this by the fact that such widely different construc-
tions are placed upon it by our brother Atkinson and the
learned judge below. The language employed does not
exclude either of these constructions. Under our code
(§3801), where the terms of a contract are ambiguous,
whether the ambiguity be latent or patent, parol evidence

is admissible to explain it.  The plaintiff having asserted that the lease had expired, the burden of establishing this assertion rested upon him; and the terms of the contract being ambiguous on this point, it was incumbent upon him to show by evidence outside of the writing itself what it really meant as to the time from which the three years should be computed.  No such evidence having been introduced, and the court, without the aid of such evidence, being unwarranted in holding absolutely that the lease expired at the expiration of three years from the date of the first boxing, it was error to grant the injunction.    *Judgment reversed.*