## 65860. McCORMICK v. BROCKETT.

CARLEY, Judge.

The sole issue presented for review in the instant appeal is the enforceability of the following lease provision: "At the end of the original term of this lease, Lessee shall have the right to renew said lease for an additional term of five (5) years, *at the same rental as may have been offered Lessor by any other reputable person.*" (Emphasis supplied.) The trial court, concluding that this provision was "so vague and uncertain as to be legally insufficient and therefore void," ordered that possession of the premises be restored to appellee, who is the lessor's executrix. It is from this order that appellant-lessee appeals.

It is clear that the contested provision is one for a renewal of the lease of the premises by execution of a new contract rather than the mere automatic extension of the original lease. "The language of the lease in the case sub judice indicates that the parties intended that a new lease be executed although there was no express requirement for notice of such. The notice requirement was implicit and indispensable in that the terms of the original lease although expressing parameters within which the rent could be elevated by the landlord upon the renewal the exact figure for the rent during the renewal period is not supplied by the original lease. Therefore, it must be contemplated that a subsequent agreement would be entered between the parties." *Ellis v. Brookwood Park Venture,* 161 Ga. App. 242, 243-244 (288 SE2d 308) (1982).

A provision for the renewal of a lease "must specify the terms and conditions of the renewal . . . with such definite terms and certainty that the court may determine what has been agreed on, and if it falls short of this requirement it is not enforceable. It must be certain and definite both as to the time the lease is to extend and the rent to be paid." 51C CJS 171, Landlord and Tenant, § 56 (3) (a). "A provision for . . . renewal need not presently fix all of the terms of the new lease; it may furnish a certain and definite method for their ascertainment and determination in the future. On the other hand, if terms, such as duration and rent, are left for future ascertainment, and no method is provided by which they are to be determined, the contract is unenforceable for uncertainty . . . It has been recognized,

however, that there is considerable conflict in the decisions as to the extent to which a lease renewal may rest on a resolution of terms by future agreement of the parties." 51C CJS 172, Landlord and Tenant, § 56 (3) (b). Thus, the question in the instant case becomes whether a lease renewal provision providing that the new rental rate shall be the same "as may have been offered Lessor by any other reputable person" is sufficiently definite to be enforceable in Georgia.

Although there is apparently no Georgia case on all fours, we conclude that the renewal provision in the instant case is too vague, indefinite and uncertain to be enforceable. Any attempt to construe that provision as sufficiently specific to be enforceable "would be confronted with the [insurmountable] hurdle of arriving at a method by which [the new rental rate] could be determined . . . How can it be determined what factors or circumstances entered into the [offer of a 'reputable person']?" *Gray v. Aiken,* 205 Ga. 649, 652 (54 SE2d 587) (1949). We conclude that the phrase "reputable person" "does not provide sufficient certainty — standing alone — to provide a 'key' or 'mode' by which a [rental] price could be determined by a court without any new expression of the parties . . ." *Wiley v. Tom Howell & Assoc.,* 154 Ga. App. 235, 237 (267 SE2d 816) (1980). Accordingly, the trial court did not err in granting appellee summary judgment.

*Judgment affirmed. Deen, P. J., concurs. Banke, J., concurs in the judgment only.*

DECIDED JUNE 24, 1983 —
REHEARING DENIED JULY 7, 1983 —

*Ben Kirbo,* for appellant.
*Rikard L. Bridges,* for appellee.