**Thurman L. SATTERFIELD, Appellant,**

v.

**Kenneth LAYTON and Miriam Layton, Respondents.**

No. 47577.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 17, 1984.

Thomas Arthur Ludwig, Jackson, for appellant.

Francis J. Toohey, Perryville, for respondents.

CRIST, Judge.

Plaintiff (Lessee) appeals from a declaratory judgment construing a lease and entering a judgment for the rent determined to be due defendant (lessor) under that lease. We affirm.

Lessee rented the property from lessor to operate a tavern. The lease was for five years, with a renewal clause allowing lessee an additional five-year term. Rent for the first term was set as $330 per month. For the second term, the lease provided:

 ... the rent shall be adjusted upward based on the following formula: the percent of increase in taxes and insurance; or ten percent; or increase in cost of living index over base period of April 1, 1977, to April 1, 1982, whichever of the above three is higher.

Lessee exercised his option to renew, and tendered rent of $363, $330 + 10% of $330, ($33). Lessor refused the tender, claiming a higher rent was due, and sued for rent and possession.

Lessee then instituted this declaratory judgment action to construe this section of the lease. He contended the clause was ambiguous on two of the three measures of rent adjustment, and therefore the third measure, the portion calling for a ten percent increase, should be enforced. The trial court agreed the clause calling for an increase based on "the percent of increase in taxes and insurance" was ambiguous. No appeal was taken from this ruling. The court disagreed as to the provision basing the increase on the cost of living index. The court found that index had increased 56.5%, adjusted the base rent accordingly to $516.45 per month, and entered a money judgment for back rent. Lessee appeals.

It is lessee's contention the rent adjustment clause is ambiguous except for the portion allowing a straight ten percent increase, and therefore, that portion should be enforced. A contract is not ambiguous, however, just because the parties disagree as to its construction. *Buder v. Martin,* 657 S.W.2d 667, 669 (Mo.App.1983). It is ambiguous if more than one interpretation may reasonably be gleaned from the language employed. *Harris v. Union Electric Co.,* 622 S.W.2d 239, 247 (Mo.App. 1981). The language used will be given its usual and ordinary meaning. *Grantham v. Rockhurst University,* 563 S.W.2d 147, 150–151 (Mo.App.1978).

When so viewed, the cost-of-living portion of the contract is clearly not ambiguous. The term "cost-of-living index" is commonly understood to refer to the Consumer Price Index for all items determined by the United States Department of Labor. *See* Webster's Third New International Dictionary 515 (Unabridged, 1976). When

used without qualification, it is generally taken to mean the national average figures. As there is no disagreement concerning the formula to be used to compute the increase in rent, *compare Johnston v. First Nat. Bank & Trust Co., Etc.*, 624 S.W.2d 500, 503 (Mo.App.1981), the contract is clear. The percentage increase in rent for the renewal period was to be the percentage increase in the Consumer Price Index occurring during the first term of the lease or ten percent, whichever was greater.

Therefore, we find no error in the trial court's declaration of the rent due. Even though the Index used was only April 1977 to December 1981, which removed several months from the base period, lessee's evidence, the Index for December 1982, reflected an increase in the index over the whole year. Any error in the reduction of the base period benefitted rather than prejudiced plaintiff.

 Plaintiff also claims the trial court erred in entering a money judgment for the rent due, asserting such a money judgment was beyond the scope of his pleading for a declaratory judgment. The court may give a money judgment when such is warranted. *Missourians for Separation of Church and State v. Robertson*, 592 S.W.2d 825, 837 (Mo.App.1979). The petition for declaratory judgment included a general prayer for relief. The question of the amount of rent due was necessarily encompassed within the evidence. We find no error in the entering of the judgment. *See McDown v. Wilson*, 426 S.W.2d 112, 117–118 (Mo.App.1968).

Judgment affirmed.

DOWD, C.J., and REINHARD, J., concur.