A91A0992. CM3, INC. v. ASSOCIATED REALTY INVESTORS/
PRADO et al.
(411 SE2d 320)

POPE, Judge.

This appeal arises from a dispossessory action filed by the plaintiff/landlord Associated Realty Investors/Prado and Synco Properties, Inc., against the defendant/tenant CM3, Inc. The trial court entered judgment in favor of plaintiff and defendant appeals.

1. The sole issue in the case involves the meaning of the renewal clause of the lease. As amended, the renewal clause grants defendant an option "to renew the Lease [for a stated period] without increase in basic rental provided, however, Gross Sales are over $1,850,000 during the period of July 1, 1989 through June 30, 1990." Defendant operated a restaurant and bar on the premises and does not dispute that gross sales for the pertinent period did not meet the required amount. Nevertheless, defendant attempted to exercise its option to renew the lease, but plaintiff refused the attempted renewal and brought this dispossessory action when defendant held over after the expiration of the lease term.

Plaintiff maintains the gross sales requirement is a condition precedent to the option to renew and because the requirement was not met, defendant had no right to renew and plaintiff is entitled to possession. Defendant argues the gross sales requirement is not a condition precedent to the option but should be construed as defining the terms of the rent upon the exercise of the option to renew. According to the defendant, if the gross sales requirement is not met, then the basic rental term is subject to increase. The only evidence presented concerning what the new basic rental rate would be in the event the gross sales requirement is not met was the testimony of individuals involved in the negotiation of the lease who stated the basic rental rate was to be negotiated between the parties.

In our opinion, the renewal clause is not ambiguous and pursuant to the usual and common meaning of the words and phrases in the clause, the gross sales requirement is a condition precedent to the defendant's option to renew. Thus, the trial court did not err in granting judgment to plaintiff.

2. We reject defendant's argument that, pursuant to the rules of interpretation of contracts, OCGA § 13-2-2, the gross sales requirement should be construed to qualify the basic rent and not the grant of the option to renew. Even if the renewal clause were to be interpreted as defendant urges, plaintiff would still be entitled to judgment in the dispossessory action because the option to renew would be unenforceable. "A provision for the renewal of a lease 'must specify the terms and conditions of the renewal . . . with such definite terms and certainty that the court may determine what has been agreed on, and if it falls short of this requirement it is not enforceable. It must be certain and definite both as to the time the lease is to extend and the rent to be paid.' 51C CJS 171, Landlord and Tenant, § 56 (3) (a). 'A provision for . . . renewal need not presently fix all of the terms of the new lease; it may furnish a certain and definite method for their ascertainment and determination in the future. On the other hand, if terms, such as duration and rent, are left for future ascertainment, and no method is provided by which they are to be determined, the contract is unenforceable for uncertainty.' [Cit.]" *McCormick v. Brockett*, 167 Ga. App. 325 (306 SE2d 344) (1983). See also *Krueger v. Paul*, 141 Ga. App. 73 (232 SE2d 611) (1977). Thus, even if, as defendant argues, the failure to meet the gross sales requirement merely permitted an increase in the base rent upon renewal, the evidence presented by defendant shows the base rent was left to uncertain future ascertainment, rendering the renewal option unenforceable.

3. "Lastly [defendant] argues he was denied his constitutionally guaranteed right to a jury trial. The right to a jury trial . . . is not infringed where, as here, the jury would have no role since there are no issues of material fact in dispute." *Bledsoe v. Central Ga. Production &c. Assn.*, 180 Ga. App. 598, 599 (4) (349 SE2d 821) (1986). Only if, after the trial court applies the rules of construction to the language of a contract, an ambiguity remains does an issue exist for jury determination. See *Copy Systems of Savannah v. Page*, 197 Ga. App. 435 (398 SE2d 784) (1990). As discussed in Division 1, the contract language at issue in this case presented no ambiguity and, as a matter of law, plaintiff is entitled to judgment.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 19, 1991 —
RECONSIDERATION DENIED OCTOBER 8, 1991.

*J. M. Raffauf*, for appellant.
*Bondurant, Mixon & Elmore, James W. Kimmell, Jr., James C.*

*Morton*, for appellees.