A94A0705. PATELLIS et al. v. 100 GALLERIA PARKWAY ASSOCIATES et al.
(447 SE2d 113)

Judge Harold R. Banke.

The appellants leased separate spaces in the appellees' office buildings. Both leases included identical typewritten renewal options for an additional 60-month term, contingent upon the tenant not being in default and giving 180 days' prior written notice, and provided that "[t]he rental rate for said Lease renewal shall be negotiated in good faith between Landlord and Tenant at that point in time." The appellants' attempts to exercise the renewal options were rejected by the appellees, who instituted dispossessory actions when the appellants failed to vacate the premises. The trial court granted the appellees' motion for partial summary judgment on the ground that the renewal option clause was too indefinite and uncertain to be enforceable, and this appeal followed.

1. " 'A provision for the renewal of a lease "must specify the terms and conditions of the renewal . . . with such definite terms and certainty that the court may determine what has been agreed on, and if it falls short of this requirement it is not enforceable. It must be certain and definite both as to the time the lease is to extend and the rent to be paid." [Cit.] "A provision for . . . renewal need not presently fix all of the terms of the new lease; it may furnish a certain and definite method for their ascertainment and determination in the future. On the other hand, if terms, such as duration and rent, are left

for future ascertainment, and no method is provided by which they are to be determined, the contract is unenforceable for uncertainty." (Cit.)' [Cits.]" *CM3, Inc. v. Assoc. Realty Investors/Prado*, 201 Ga. App. 428, 429 (2) (411 SE2d 320) (1991).

In the instant case, the renewal clause of the lease did not specify the amount of rent to be paid upon renewal, and it provided no method by which the renewal rent could be determined. Accordingly, the trial court correctly concluded that the renewal option is unenforceable for uncertainty.

2. The printed contract contained a provision that any term of the lease found to be unenforceable would not invalidate the remainder of the lease, and that any such term should be replaced by a similar term that is enforceable. However, that reformation provision did not constitute a mutual waiver of the defense that the renewal option is unenforceable.

"While a distinct stipulation in a contract may be waived by the conduct of the parties, it must appear that it was the intention of the parties to treat such stipulations as no longer binding. The mere fact that one party so intended would not bring about this result. It must appear that it was the mutual intention; that is, the circumstances must be such as, in law, to make practically a new agreement as to the stipulations in the original contract." (Citations and punctuation omitted.) *Chastain v. Spectrum Stores*, 204 Ga. App. 65, 67 (418 SE2d 420) (1992).

In this case, the printed language in the contract did not indicate a mutual intent to override the renewal clause, which was typewritten later under the heading "Special Stipulations." In construing the terms of a contract under OCGA § 13-2-2 to ascertain the parties' intent, a typewritten provision must prevail over a conflicting printed one. *Quinlan v. Bell*, 189 Ga. App. 8 (374 SE2d 823) (1988).

3. There was no evidence submitted to raise any issue of mutual mistake of law or estoppel giving rise to an equitable reformation. See OCGA § 24-4-27; *Cowen v. Snellgrove*, 169 Ga. App. 271 (6) (312 SE2d 623) (1983). " '(A)ssertions of fact contained in the briefs of the parties do not, standing alone, constitute competent evidence for the resolution of a summary judgment issue. (Cits.)' [Cit.]" *Weaver v. ABC Bus*, 191 Ga. App. 614, 615 (2) (382 SE2d 380) (1989).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1994 —
RECONSIDERATION DENIED JULY 27, 1994 — 

*Bivens, Hoffman & Fowler, L. Brown Bivens*, for appellants.
*Bondurant, Mixon & Elmore, James C. Morton, Carolyn R.*

*Gorwitz*, for appellees.