S96A1835. CARVER et al. v. CITY OF MOULTRIE.
(479 SE2d 735)

PER CURIAM.
The judgment of the court below is affirmed without opinion pursuant to Supreme Court Rule 59.
*All the Justices concur, except Carley, J., who concurs specially.*

CARLEY, Justice, concurring specially.
Although I agree that the judgment of the trial court should be affirmed, it is my opinion that this case does not meet the criteria for affirmance pursuant to Supreme Court Rule 59. After reviewing the case law and issues raised in this appeal, I think that an opinion would benefit the Bench and the Bar and, thus, would have precedential value. Therefore, I write to state why I believe that the trial court correctly granted summary judgment in this case.

Lamar Carver and Clyde Carver (Carvers) brought suit against the City of Moultrie (City), seeking specific performance of, or, in the alternative, damages for the breach of, an agreement for the conveyance of part of an old airfield owned by the City. The Carvers alleged that the City found another purchaser, refused to accept a tender of the purchase price and refused to convey the property. The City moved for summary judgment on the basis that there was no agreement satisfying the requirements of the Statute of Frauds. OCGA § 13-5-30 (4). The trial court granted the City's motion, and the Carvers appeal.

To prove an agreement which satisfies the Statute of Frauds, the Carvers rely on two writings. The first is a letter from Sherrod McCall, President of the Colquitt County Economic Development Corporation, to Lamar Carver indicating that McCall had met with the City Council's airfield committee and presented a request for a site for the Carvers' proposed project. The letter states that the airfield committee approved a recommendation to the full City Council

for final approval of the sale of 20 acres at $4,000 per acre. The Carvers also rely on the written minutes of the City Council meeting held five days after the date of McCall's letter. The minutes show that McCall explained the purchase of the property, that the Carvers had asked for a 12-month option, and that the City Council unanimously accepted the sale of the 20 acres at $4,000 per acre with 10 percent down for the option.

Any contract for the sale of lands "must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him." OCGA § 13-5-30 (4). However, it is not necessary that a single signed writing contain the parties' whole agreement. If the writings are signed and contemporaneous and contain all of the necessary terms, "the statutory requirements and purpose of the Statute of Frauds have been met, whether or not the writings are cross-referenced." *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 460 (1) (314 SE2d 874) (1984). Furthermore, as is clear in *North & Co. v. Mendel & Brother*, 73 Ga. 400 (1884), cited in *Baker v. Jellibeans, Inc.*, supra at 460 (1), the parties' agreement may satisfy the Statute of Frauds even if it consists of both a signed writing and a writing which is not signed by either the party to be charged or his agent.

> If, however, it be necessary to adduce parol evidence, in order to connect a signed paper with others unsigned, by reason of the absence of any internal evidence in the signed paper to show a reference to, or connection with, the unsigned papers, then the several papers taken together do not constitute a memorandum in writing of the bargain, so as to satisfy the statute.

*North & Co. v. Mendel & Brother*, supra at 404. Parol evidence is not necessary to connect the writings in the instant case, however, because their common parties, common quantum of acreage, common sales price, and common general location of the property "demonstrate a sufficient interconnection among the writings for them to stand together as memoranda." *Beckworth v. Beckworth*, 255 Ga. 241, 245 (3) (a) (336 SE2d 782) (1985).

The City contends that the minutes show a mere offer to the Carvers of an option to purchase, and not the Carvers' assent. While the party relying on a written memorandum must show that he assented, it is not necessary to show that he assented in writing. *Borum v. Swift & Co.*, 125 Ga. 198, 202 (53 SE 608) (1906). The minutes show that the Carvers assented to the option to purchase by requesting it and that the City approved it.

Nevertheless, the writings here still would not satisfy the Statute of Frauds if they fail to show exactly what property formed the

basis for the contract. *North & Co. v. Mendel & Brother*, supra at 404. "A contract for the sale of land to be valid, binding, and enforceable must describe the land to be sold with the same degree of certainty as that required of a deed conveying realty. [Cits.]" *Smith v. Wilkinson*, 208 Ga. 489, 493 (2) (67 SE2d 698) (1951). Thus, a contract for the sale of part of the seller's land must identify which part is to be conveyed. *Delfosse v. Coleman*, 211 Ga. 888 (89 SE2d 518) (1955). The City Council's minutes describe the property only as "approximately 20 acres at the end of the runway where the old tire site was located," whereas McCall's letter describes the property as "the site with the asphalt and concrete strip adjacent to the holding pond (as per [Lamar Carver's] drawings)." The letter also describes certain easements and implies that the property borders a waste water treatment plant. Reading the letter and the minutes together, they establish no more than two boundaries with any degree of definiteness. *Young v. Flournoy*, 139 Ga. 634 (77 SE 807) (1913); *Paulk v. Perry*, 44 Ga. App. 131 (1) (160 SE 681) (1931). See also *Bruce v. Strickland*, 201 Ga. 526, 527 (3) (40 SE2d 386) (1946). For this reason, I believe that the trial court correctly granted the City's motion for summary judgment and, therefore, I concur in the judgment of affirmance.

DECIDED JANUARY 21, 1997.

*Craig S. Mathis, Billy C. Mathis, Jr.*, for appellants.
*Whelchel, Whelchel & Carlton, James C. Whelchel*, for appellee.