A98A0505. SMITH et al. v. HUCKEBA.
(501 SE2d 877)

BEASLEY, Judge.

Huckeba purchased a mobile home from the Smiths. In consideration, the Smiths leased certain acreage to Huckeba for a number of years and granted him an option to renew the lease for additional years. Huckeba was given the right to erect and maintain improvements on the leased property, and he was not required to pay rent during the original term of the lease. The renewal option would be on the same terms and conditions as the original lease "except that the rental shall be the fair market rental value of the property herein leased."

After Huckeba notified the Smiths of his intention to exercise the option, they proposed a monthly rental of $200. When he

responded that this was excessive and asked them to show how the figure was derived, they revoked any prior offer to extend the lease and informed him that dispossessory proceedings would be instituted if he remained on the property following expiration of the original lease.

Huckeba filed a three-count complaint against the Smiths, charging them with breach of the agreement to extend the lease, seeking its specific performance, and claiming his improvement of the premises had unjustly enriched the Smiths. Along with their answer, the Smiths countered that they were entitled to summary judgment or partial summary judgment on the ground of unenforceability of the option due to vagueness. The trial court denied their motion with an explanation, and we have permitted an interlocutory appeal.

1. "A provision for the renewal of a lease must specify the terms and conditions of the renewal with such definite terms and certainty that the court may determine what has been agreed on, and if it falls short of this requirement it is not enforceable. It must be certain and definite both as to the time the lease is to extend and the rent to be paid."[1]

More explicitly, the Court explained in *Wiley v. Tom Howell & Assoc.*:[2] " 'Option agreements have generally been held or recognized to be sufficiently definite as to price to justify their enforcement if either a specific price is provided for in the agreement or a practicable mode is provided by which the price can be determined by the court without any new expression by the parties themselves.' [Cit.] Accordingly, . . . the agreement must be complete within itself as to the essential elements or a 'key' or 'practical mode' provided within the contract by which a definite price may be ascertained, and if there is such a deficiency parol evidence is not admissible to add to, take away from, or vary the written contract ([cit.]), but would be admissible to explain ambiguities."

The option agreement in *Wiley* established the price at the "appraised" value of the property. Although the term "appraised" was not deemed ambiguous, the court held that it does not provide sufficient certainty, standing alone, to provide a key or mode by which a sale price can be determined by a court without any new expression of the parties. The basic deficiency of this term lies in the incompleteness of the manner by which the property is to be appraised. As noted in *Wiley*, the appraisal method could have been made certain by designating by whom or how the appraisal was to be conducted. That

---

[1] (Citations and punctuation omitted.) *Patellis v. 100 Galleria Parkway Assoc.*, 214 Ga. App. 154 (1) (447 SE2d 113) (1994).

[2] (Emphasis omitted.) 154 Ga. App. 235 (267 SE2d 816) (1980).

was the case in *Miller v. McCullough*,[3] where the option contract provided that the selling price would be " 'the appraised value of the property at the time of purchase based on an MAI appraisal.' "

The Smith-Huckeba agreement suffers from the same deficiency as the one in *Wiley*. Although the term "fair market rental value" is not ambiguous,[4] the monetary sum it represents is obviously a contested question.[5] Fair market value would have to be determined by an undesignated party, presumably a third party. The contract is too indefinite to be enforced without a further specification by Smith and Huckeba of who was to establish the fair market value or, absent that, a mathematical or other objective method which would supply the figure. The point is proved by the facts: two parties disagree as to whether $200 is a fair market rental value, and the agreement does not supply the answer. Either or neither may be correct. A jury would have to guess.

2. Nevertheless, the court did not err in denying the Smiths' motion for summary judgment. The unenforceability of the deficient option does not bar Huckeba's claim against them for unjust enrichment.

" ' "Unjust enrichment applies when as a matter of fact there is no legal contract . . ., but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." (Cit.)' [Cit.]"[6]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 30, 1998.

*T. Michael Flinn*, for appellants.
*Smith, Wallis & Scott, James W. Wallis, Jr.*, for appellee.

---

[3] 236 Ga. 666 (224 SE2d 916) (1976).
[4] *Wright v. MARTA*, 248 Ga. 372 (283 SE2d 466) (1981) (definition).
[5] See, e.g., *Dept. of Transp. v. Woods*, 269 Ga. 53 (494 SE2d 507) (1998).
[6] *Engram v. Engram*, 265 Ga. 804, 807 (2) (463 SE2d 12) (1995).