A98A1699. FIRSTLINE CORPORATION v. VALDOSTA-LOWNDES COUNTY INDUSTRIAL AUTHORITY et al.
(511 SE2d 538)

Judge Harold R. Banke.

After Firstline Corporation ("Firstline") unsuccessfully attempted to exercise a purported option agreement, it sued the Valdosta-Lowndes County Industrial Authority ("Authority") for breach of contract and sought a writ of mandamus. Firstline also sued Standard Contractors, Inc. ("Standard Contractors") alleging that it had wrongfully taken title to part of the land included in Firstline's option.

It is undisputed that in February 1997, Firstline submitted a "Project Eligibility Questionnaire," a formal request to purchase "approximately 20 acres" of undeveloped land from the Authority. According to the minutes of the March 18, 1997 meeting of the Authority, the members voted to give Firstline a 90-day purchase option for a 27.3 acre tract owned by the Authority priced at $10,000 per acre for 20 acres with no additional charge for 7.3 acres of wetland.[1] Firstline did not provide any financial consideration to the Authority for this option. Nor did the Authority and Firstline execute a written agreement. The Authority ordered a survey and engaged an engineer to locate the wetlands.

Meanwhile, Standard Contractors applied to purchase ten acres from the same tract. Ken Garren, the director of the Authority, informed Standard Contractors that 10 acres were not available because Firstline had been offered an option for 20 acres leaving only 7.35 acres available for purchase. On May 1, prior to the expiration of the option period, the Authority accepted Standard Contractors' offer to buy 7.35 acres.[2] On May 2, Garren wrote Firstline offering to sell 20 acres at a price of $10,000 per acre for 16.67 acres with no additional charge for 3.33 acres of woodlands. The letter informed Firstline that the Authority had accepted another party's offer to purchase the remaining 7.35 acres. Garren enclosed a copy of the plat. Garren sent another letter on May 14 which showed some con-

---

[1] The Authority claimed that the minutes did not accurately reflect the option agreement. A survey showed that the only potential wetlands were contained in 3.33 acres in the northernmost section.

[2] The final survey disclosed that the total tract was not 27.35 acres but 26.87 acres. The Authority sold 6.87 acres to Standard Contractors at $10,000 per acre.

fusion about the terms: "[t]his will acknowledge our recent telephone conversation in which you inquired into how it was determined which 20 acres of the approximate 27 acre tract . . . would be offered to you. At the March 1997 meeting, it was my understanding and the understanding of the Authority members present that you were being offered the upland or northernmost portion of the 27 acre tract with the southern boundary to be determined by a survey." Disregarding the May letters, on June 6, Firstline notified the Authority that it was accepting its "offer" and was agreeing to purchase 27.35 acres at the $10,000 per 20 acres price, citing the minutes of the March 18 meeting.[3] Donald Murphy, Firstline's president, testified that prior to May 1, the Authority never suggested to him that the 27.35 acre tract would be subdivided or that Firstline would purchase only part of it.

Finding that there had been no "meeting of the minds" as to the basic contract terms, the trial court granted summary judgment to the Authority and dismissed Firstline's claim against Standard Contractors. Firstline appeals both judgments. *Held*:

1. Firstline contends that genuine issues of material fact precluded summary judgment to the Authority on its breach of contract and specific performance claims. Firstline claims that a jury must determine whether the Authority gave it an option for 27.35 acres or for 20 acres. We disagree.

The threshold inquiry must be whether an enforceable agreement existed. An option contract for the sale of realty comes within the Statute of Frauds, and, therefore, must: (1) be in writing, (2) identify the buyer and seller, (3) describe the subject matter of the contract, and (4) name the consideration. *Wiley v. Tom Howell & Assoc.*, 154 Ga. App. 235, 236 (267 SE2d 816) (1980). An option agreement "must be complete within itself as to the essential elements. . . ." *Smith v. Huckeba*, 232 Ga. App. 374, 375 (1) (501 SE2d 877) (1998). A "valid, binding, and enforceable" contract for the sale of land "must describe the land to be sold with the same degree of certainty as that required of a deed conveying realty. (Cits.)" *Smith v. Wilkinson*, 208 Ga. 489, 493 (2) (67 SE2d 698) (1951).

Here, the multiple documents including minutes of the March 18 meeting, questionnaire, tax maps, and letters were not sufficient to constitute a written contract of sale, since the land was not described with sufficient particularity. *Carver v. City of Moultrie*, 267 Ga. 460, 461-462 (479 SE2d 735) (1997), Carley, J., concurring specially (combination of correspondence and city council minutes failed to satisfy

---

[3] "We hereby exercise the option as specified in the meeting: 'to purchase 20 acres for $10,000 per acre for uplands acreage and the remaining 7.3 acres of wetlands would be included with the 20 acres but at no charge. . . .'"

the Statute of Frauds because the subject land was not established by definite boundaries); *Powell v. Adderholdt*, 230 Ga. 211, 212-213 (2) (196 SE2d 420) (1973). In these circumstances, the option was unenforceable.[4] *Carver*, 267 Ga. at 460.

No evidence showed that the parties agreed to be bound to exactly the same terms. "Consent of the parties being essential to a contract, until each has consented to all the terms, there is no binding contract; until consented to, each party may withdraw its bid or proposition." OCGA § 13-3-2. In the absence of a complete and legally sufficient contract, summary judgment was appropriate. OCGA § 13-5-30 (4); *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 165 (2) (407 SE2d 64) (1991).

Even assuming solely for the sake of argument that the Authority had offered to sell the entire 27.35 acre tract to Firstline, such offer, absent consideration, could be withdrawn prior to acceptance. *R.A.C. Realty Co. v. W.O.U.F. Atlanta Realty Corp.*, 205 Ga. 154, 163 (52 SE2d 617) (1949); *Amwest Surety Ins. Co. v. Ra-Lin & Assoc.*, 216 Ga. App. 526, 529-530 (1) (455 SE2d 106) (1995).

2. Firstline contests the dismissal of its action against Standard Contractors for failure to state a claim. Firstline also asserts that the trial court erred by treating Standard Contractors' motion to dismiss as a motion for summary judgment.

Where a court considers matters outside the pleadings, a motion to dismiss becomes converted to one for summary judgment. *Schulze v. DeKalb County*, 230 Ga. App. 305, 306 (496 SE2d 273) (1998). Here, Firstline requested the court to treat the motion to dismiss as one for summary judgment, and Firstline sought and obtained permission to file documents for the court's consideration. A party will not be heard to complain of a ruling which it sought or to which it acquiesced. *Carreker v. Harper*, 196 Ga. App. 658, 660 (2) (396 SE2d 587) (1990).

"A contract upon which specific performance is sought must be certain, definite, and clear; and so precise in its terms that neither party can reasonably misunderstand it." *Smith*, 208 Ga. at 494 (2). See *Tippins v. Phillips*, 123 Ga. 415, 417 (51 SE 410) (1905). Because, as a matter of law, Firstline could not proceed on a claim for specific performance against the Authority, Firstline could not do so against Standard Contractors. *Cummings v. Johnson*, 218 Ga. 559, 561-562 (4) (129 SE2d 762) (1963); *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99, 101 (1) (97 SE2d 129) (1957). See OCGA § 23-2-132. Dismissal of the claim was proper. OCGA § 9-11-12 (b) (6). See *Todd v.*

---

[4] Firstline's application was for "Land District No. 11, Land Lot 64, Tax Map 69, Block 34, Industrial Blvd. *Approximately* 20 acres located west of Blocks 34B, 34C, and 34D and east of Blocks 19, 19B, 19C, 21 and 23." (Emphasis supplied.)

*Bivins*, 215 Ga. 402 (1) (110 SE2d 768) (1959).

3. Standard Contractors' motion for sanctions under Court of Appeals Rule 15 (b) for a frivolous appeal is denied. Had Firstline been able to prove the existence of an enforceable contract, its claim against Standard Contractors might not have been foreclosed. *Bryant v. Booze*, 55 Ga. 438, 445-446 (1) (1875).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 25, 1999 —
RECONSIDERATION DENIED FEBRUARY 12, 1999 —

*Kunes & Kunes, G. G. Joseph Kunes, Jr.*, for appellant.
*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Thompson Kurrie, Jr., Edward F. Preston*, for appellees.