## A01A0075. AMB PROPERTY, L.P. et al. v. MTS, INC.
### (551 SE2d 102)

MILLER, Judge.

This case concerns the construction of a lease's renewal provisions. The renewal provisions set the new rental rate as the greater of (1) the base rent for the last year of the original term or (2) the then existing market rental rate for comparable shopping centers. The trial court and all parties agree that under Georgia law, the market rental rate for comparable properties is unenforceably vague and indefinite, as it provides no mode by which a definite price may be ascertained.[1] The question on appeal is whether, because of the lease's severability clause, a court can excise the indefinite language and force the landlord to accept the base rent for the last year of the original term as the rent under the renewed lease. This turns on whether the last year's base rent is a separate provision for calculating the renewal rental rate, or whether it is only one of two factors in a single provision for calculating that rate. We hold it is the latter and therefore reverse.

In 1989, MTS, Inc. leased certain space near Lenox Square in Atlanta from the predecessor in interest of the appellant-landlords. The lease had a ten-year-and-five-month term expiring January 31, 2000, with a five-year renewal option. Shortly before the end of the original term, MTS exercised its renewal option, which was accepted by the landlords. The renewal provision stated that the new rent "shall be the greater of a) base rent for the last year of the original term or b) the then existing market rental rate for comparable Shopping Centers." When the landlords stated that they had calculated the current market rental rate to be $29.50 per square foot and that this would be the renewal rental rate, MTS objected and proposed paying the base rent for the last year of the original term.

When the parties could not agree, MTS filed a declaratory judgment action to have the "market rental rate" language severed and to have the renewal rent priced at the base rental rate for the last year of the original term. Filing a dispossessory action that was then consolidated with the declaratory judgment action, the landlords sought to have the entire renewal option declared unenforceable and prayed to have MTS evicted and to receive back rent and attorney fees. Based on the language of the lease and on legal principles, the court took no live evidence and decided in favor of MTS. Relying on the severability provision, the court removed the "market rental rate" language from the lease and declared that since without this language nothing was "greater than" the last year's base rent, that rent would

---

[1] *Smith v. Huckeba*, 232 Ga. App. 374, 375-376 (1) (501 SE2d 877) (1998); see *Patellis v. 100 Galleria Parkway Assoc.*, 214 Ga. App. 154 (1) (447 SE2d 113) (1994).

be the new rent for the renewal term. The landlords appealed, arguing that the court could not excise the unenforceable clause of the pricing provision.

The construction of a contract is a question of law for the court[2] based on the intent of the parties[3] as set forth in the contract.[4] Here the parties agree that the "market rental rate" language is unenforceable. *Smith v. Huckeba*[5] specifically held that absent a mechanism to determine the market rate, similar language was unenforceable, rendering the entire lease renewal provision void.[6] In other words, if an agreement fails to specify the renewal rental price (or a mode to determine such), neither party is entitled to insist on a renewal.

The question then becomes whether the court could excise the indefinite language and still preserve the language regarding the last year's base rent as the sole controlling language for determining the rent for the renewal term. We hold it could not. Although the contract here allowed the severance of unenforceable provisions with the remaining provisions remaining intact, OCGA § 13-1-8 (a) explains that even in severable contracts, it is "the failure *of a distinct part*"[7] that does not void the remainder.

Here the unenforceable pricing language is not "a distinct part" that can be severed from the contract; rather, it is an integral part of the pricing formula. The pricing scheme calculates the new rent as *the greater of* the previous year's rent or the current market rental rate. It is not an alternative pricing scheme, where either the last year's previous rent or the current market rental rate would be acceptable to the parties. Rather, the use of the words "the greater of" manifests an intent that the pricing is an integrated formula requiring that two components be compared and that the greater of those two components be the amount of the rent.[8] Removing one of those components on the ground it is unenforceably vague destroys the formula, as there is then nothing to compare so as to allow the greater to prevail. As conceded by MTS in its brief, the court in effect not only excised the "current market rate" language, it also excised "the greater of" language, so that the resulting reformed provision

---

[2] OCGA § 13-2-1.

[3] OCGA § 13-2-3.

[4] See *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).

[5] Supra, 232 Ga. App. at 375-376 (1).

[6] See *Patellis*, supra, 214 Ga. App. at 154-155 (1), citing *CM3, Inc. v. Associated Realty Investors/Prado*, 201 Ga. App. 428, 429 (2) (411 SE2d 320) (1991).

[7] (Emphasis supplied.)

[8] See *Yeazel v. Burger King Corp.*, 241 Ga. App. 90, 91 (526 SE2d 112) (1999) (whole court) ("the greater of" language in a lease sets a minimum rent equal to the set amount; if the other factor is higher, it applies to determine the rent).

read simply that the new rental rate "shall be the base rent for the last year of the original term."

This results in a pricing provision radically different from the language agreed on by the parties. Rather than being assured that the renewal rental rate would not be less than the current market rental rate, the landlords under the modified provision are required to accept a rate applicable to the original term. Although they originally negotiated that the last year's rental rate would be the floor or minimum rent for the renewal,[9] under the trial court's order, that has now suddenly become the ceiling also.

MTS cites *Asian Square Partners v. Ly*,[10] which holds that where the pricing provision of the lease renewal is ambiguous, then the court may apply rules of construction to determine that price. But here the pricing provision is not ambiguous;[11] it is undisputably vague and indefinite and as such unenforceable.[12] Rules of construction, such as construing renewals in favor of the tenant,[13] are not triggered.

The concept of severability refers to striking a distinct part, not to excising certain language contained in a single provision.[14] The trial court here did not sever a distinct part or an independent provision; it reformed the internal language of a single integrated provision. But reformation was neither sought nor appropriate here. Moreover, severing an essential term of the contract is not allowed.[15] As pricing is undisputedly an essential term of a lease renewal, the unenforceability of the pricing provision here means that the lease renewal was void, resulting in no renewal being available under the lease.[16] Thus, the landlords are entitled to a writ of possession and to an award of past due "holdover" rent and to attorney fees as prescribed under the lease. Accordingly, we reverse the judgment of the trial court and remand with direction that the trial court enter a judgment consistent with this opinion.

---

[9] See *Croxton v. MSC Holding*, 227 Ga. App. 179, 182 (2) (489 SE2d 77) (1997) ("the greater of" means that the set value is the minimum price).

[10] 238 Ga. App. 165, 166-168 (1) (518 SE2d 166) (1999).

[11] A contract term is ambiguous if it is susceptible to two or more constructions. See *Carmichael v. Brown*, 97 Ga. 486, hn. 2 (25 SE 357) (1895); accord *Connell v. Guarantee Trust Life Ins. Co.*, 246 Ga. App. 467, 470-471 (1) (541 SE2d 403) (2000).

[12] See *Wiley v. Tom Howell & Assoc.*, 154 Ga. App. 235, 238 (267 SE2d 816) (1980) (whole court).

[13] See, e.g., *Thornton v. Ellis*, 184 Ga. App. 884-885 (1) (363 SE2d 584) (1987).

[14] See OCGA § 13-1-8 (a).

[15] Restatement, 2d, Contracts, § 184 (1) and comment a (cannot sever "essential part of the agreed exchange"); cf. *Nolley v. Maryland Cas. Ins. Co.*, 222 Ga. App. 901, 904 (4) (476 SE2d 622) (1996) (incidental provisions are severable).

[16] See *Patellis*, supra, 214 Ga. App. at 155 (1); *CM3, Inc.*, supra, 201 Ga. App. at 429 (2).

*Judgment reversed and case remanded with direction. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JUNE 29, 2001 —
RECONSIDERATION DENIED JULY 11, 2001 —

*Powell, Goldstein, Frazer & Murphy, John W. Harbin, Simon H. Bloom,* for appellants.

*McGuire, Woods, Battle & Boothe, Timothy H. Kratz,* for appellee.