**Narvol A. RANDOL, Jr., and Amy C. Randol, Appellants,**

v.

**DRURY SOUTHWEST SIGNS, INC., Respondent.**

No. ED 82166.

Missouri Court of Appeals, Eastern District, Southern Division.

July 1, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 2003.

---

Benjamin F. Lewis, Cape Girardeau, MO, for appellant.

Walter S. Drusch, Cape Girardeau, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Narvol A. Randol, Jr., and Amy C. Randol (Lessors) appeal from the trial court's grant of summary judgment in favor of Drury Southwest Signs, Inc. (Lessee). The underlying action was for unlawful detainer and breach of contract. On appeal, Lessors argue the trial court erred in granting Lessee's motion for summary judgment because the billboard lease, as written by Lessee, requires the consent of both parties for renewal, and Lessors did not consent to renewal of the billboard lease beyond June 30, 2001. We affirm.

Lessors reside in Cape Girardeau County. Lessors purchased a tract of land in Jackson from Chester Gerecke and Dorothy Gerecke (Gereckes). While the Gereckes owned the land, they signed a lease with Lessee for space for erection of a billboard. The lease was assigned to the Lessors when they bought the land in May 1999. The dispute arose in June 2001 when Lessors notified Lessee that they would not agree to further renewals of the lease. After Lessee attempted to renew the lease, Lessors filed an action for unlawful detainer. Lessee counterclaimed for declaratory relief. The facts of the case were not disputed, and the cause was presented to the court on cross-motions for summary judgment to determine the effect of the lease. The trial court entered judgment for Lessee on both motions. This appeal follows.

In their sole point, Lessors argue the trial court erred in granting Lessee's motion for summary judgment because there was no genuine issue of material fact and Lessors were entitled to judgment as a matter of law in that the billboard lease as written by Lessee requires the consent of both parties for renewal, and Lessors did not consent to renewal of the billboard lease beyond June 30, 2001. Therefore, argue Lessors, the lease term ended June 30, 2001 and after that date, Lessee's possession of the property was an unlawful detainer. We disagree.

In reviewing a grant for summary judgment, we view the record in the light most favorable to the party against whom judgment was rendered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.* Summary judgment will be upheld if there is no genuine issue of material fact and mov-

ant is entitled to judgment as a matter of law. *Id.* at 381. The moving party has the burden of establishing a right to judgment as a matter of law and that no genuine issue of material fact exists. *Id.* at 378. Because the parties have stipulated to the facts, the only question before this court "is whether the trial court drew the proper legal conclusion from the facts." *Perry State Bank v. Farmers Alliance Mut. Ins. Co.*, 953 S.W.2d 155, 157 (Mo. App. W.D.1997). Furthermore, summary judgment is appropriate in a contract case when the meaning of the portion of the contract at issue is so apparent that it may be determined from the four corners of the document. *Dubinsky Realty, Inc. v. Vactec, Inc.*, 637 S.W.2d 190, 192 (Mo.App. E.D.1982).

■ Here, the only reference to renewal is in paragraph seven of the sign lease agreement which reads "Term Renewal 7 *terms at 5 years each."* Lessors argue the trial court erred in granting summary judgment to Lessee on the issue of whether or not Lessee had the unilateral ability to extend the lease as provided in paragraph seven of the lease. With respect to paragraph seven, the trial court found that the renewal clause in this case "... is not ambiguous and therefore nothing can be read into the lease that is not written there even if the parties disagree as to its meaning."

■ Lessors here contend that the renewal clause of the sign lease agreement is ambiguous and should not be enforced.

A contract is not ambiguous, however, just because the parties disagree as to its construction. *Satterfield v. Layton*, 669 S.W.2d 287, 288 (Mo.App. E.D.1984). It is ambiguous if more than one interpretation may reasonably be gleaned from the language employed. *Id.* The language used will be given its usual and ordinary meaning. *Id.* Reviewing the language of the contract, we find no ambiguity.

Moreover, we disagree with Lessors that paragraph thirteen of the lease is in conflict with paragraph seven. Lessors argue that reading the contract as a whole, the reasonable reading of paragraph seven is that the right of renewal is controlled by both parties. In contrast, argue Lessors, paragraph thirteen gives Lessee an explicit and exclusive right to terminate the lease at any time over the potential forty-year life of the lease.[1] The only way to make sense of paragraph seven and thirteen in the same lease, Lessors conclude, is that paragraph thirteen gives the immediate right of termination exclusively to Lessee whereas the renewal option in paragraph seven belongs to both parties, because the lease does not give that right exclusively to Lessee. Rather than being in conflict with paragraph seven, we find paragraph thirteen gives Lessee an additional and distinct unilateral right—the right to terminate the lease at any time. We find no conflict.

The trial court relied heavily on *American Press v. City of St. Louis,* 314 Mo. 288, 284 S.W. 482, 487 (Mo. banc 1926) in reaching its decision.[2] In *American Press,*

---

1. Paragraph thirteen provides: "Right to Remove structure *Lessee has right to remove and at any time payments to Lessee (sic) shall cease."*

2. Lessors cite *City of Peerless Park v. Dennis,* 42 S.W.3d 814, 818 (Mo.App. E.D.2001) for the proposition that Missouri continues to recognize the distinction between a "renewal" of a lease and an extension. However, as

correctly pointed out by Lessee, *Peerless* focuses on the distinction between an option to purchase and an option to renew in a condemnation case. Nowhere in the opinion is extension mentioned. Contrary to Lessors' contention, Missouri courts have generally disregarded the distinction between "options to renew lease" and "options to extend

the court held that the lessee had the sole right to determine whether it would extend the lease, even though the renewal provisions in the *American Press* case made no mention whatsoever if they were in favor of the lessor or the lessee. *Id.* However, the court held that such provisions are in favor of the lessee and that it was the lessee's option whether or not to renew the lease. *Id.*[3] Furthermore, in *American Press* the court made it clear that no action or consent was required on behalf of the lessor to permit the lessee to renew the lease, and the trial court similarly held here that Lessee properly exercised its right to renew the lease. *Id.* This result is also in accord with *Bussen v. Del Commune*, 239 Mo.App. 859, 199 S.W.2d 13 (W.D.1947). In that case, the court determined that the lessee had the unilateral right to renew the lease. The lessee requested a renewal, but the lessor refused to acknowledge the renewal. The court concluded "[t]he renewal provision was primarily for the benefit of the [lessee], and it was for them to say whether they would avail themselves of the privilege accorded them." *Id.* at 22.

As did the trial court, we find no ambiguity in the contract at issue. The plain language of the contract invests Lessee with a unilateral right to extend the lease. Further, Lessors' interpretation of line seven to mean the right of renewal is controlled by both parties gives no effect to line seven as it essentially allows the parties to "agree to agree." Applying the undisputed facts to the unambiguous terms of the contract, the trial court properly

found as a matter of law that Lessee was invested with the right to unilaterally renew the lease and was therefore entitled to possession of the billboard space. Accordingly, we find no error in the trial court's order granting summary judgment. Point denied.

Judgment affirmed.

MOONEY, C.J., and CRAHAN, J., concur.

---

lease." *Davison v. Rodes,* 299 S.W.2d 591, 594 (Mo.App.1956).

**3.** While no Missouri cases have specifically addressed the interpretation of a lease renewal covenant where the renewal provision does not indicate at whose option the lease may be renewed, other jurisdictions have held that the right to renew is construed unilaterally in favor of the tenant/lessee. See *G.S. Suppiger Co. v. Summit Gas & Water Co.,* 119 Ind.App. 102, 84 N.E.2d 207, 208 (1949); *Bailey v. Willeke,* 185 S.W.2d 456, 457 (Tex.Civ.App. 1945); *Thornton v. Ellis,* 184 Ga.App. 884, 363 S.E.2d 584, 585 (1987).